CARLOS F. FITZGERALD v. THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY.

1. CONDEMNATION FOR RAILROAD — *Entry before Giving Bond — Waiver.* Where right-of-way commissioners appointed to condemn lands for a railroad file their report, awarding damages to the owner of the lands appropriated, and the owner appeals from said award to the district court, and the company enters upon the land and grades its road-bed before giving a bond to secure such judgment as may be obtained against it, on such appeal; but afterward, on the trial of the question on such appeal, tenders the owner a judgment, which tender is accepted, and judgment entered, and the company pays said judgment to the owner, which is received by him, such payment is a full satisfaction for all damages growing out of the entry upon said land for grading purposes, notwithstanding such entry was made before the bond to secure the judgment on the appeal was given.

2. DAMAGES — *Full Payment.* And where the right-of-way commissioners were authorized to condemn for right-of-way a strip of land 100 feet wide, and more where, because of cuts and fills, more than 100 feet were necessary for the proper construction of the road-bed, and the petition filed in the case on the appeal from the award alleged that the company had appropriated from 100 to 200 feet across the owner's farm for its right-of-way, and on the trial of the appeal a judgment was tendered by the defendant and accepted by the plaintiff, and afterward paid by the company to the plaintiff and received by him, such payment covered all damages that could arise on account of an appropriation of an amount of land within the scope of such petition.

*Error from Pratt District Court.*

THE opinion states the facts.  Judgment for the defendant *Railroad Company*, on October 22, 1889.  The plaintiff, *Fitzgerald*, brings the case here.

*Chas. H. Apt*, for plaintiff in error.

*Geo. R. Peck, A. A. Hurd*, and *Robert Dunlap*, for defendant in error.

Opinion by STRANG, C.: This action was begun in the district court of Pratt county, on the 6th day of August, 1887, to recover damages for the entry upon and appropriation of

land of the plaintiff by the defendant. The position of the plaintiff is, first, that he is entitled to damages because the company had appropriated a portion of his land for the right-of-way of its railway, without having given a bond to secure such judgment as might be obtained on the appeal from the award of damages; and, second, that he was entitled to damages because the company had appropriated more land than was condemned. On the trial of this case it was shown, that when the proceeding on the appeal from the award of the condemnation proceedings was called for trial, the company offered to confess judgment for the sum of $400 in favor of the plaintiff; that the offer was accepted by the plaintiff, and judgment entered accordingly; and that said judgment had been paid and satisfied in full. It further appeared that the condemnation proceedings authorized the taking of more than 100 feet of land for the right-of-way where, on account of cuts and fills, more was necessary to the proper construction of the road. The plaintiff, in his appeal from the proceedings of the right-of-way commissioners, filed a petition setting forth his claim for damages, in which he claimed damages for a strip of land taken from 100 to 200 feet wide. On the trial the court refused certain instructions asked by the plaintiff, and instructed the jury to return a verdict for the defendant. Motion for new trial was overruled, and the plaintiff brings the case here for review.

The first contention of the plaintiff in error is, that the defendant in error was a trespasser, and liable for damages to the plaintiff in error, for the reason that it had no right to go upon the land of the plaintiff in error at the time it did to commence its grading, because it had not executed and filed the bond to indemnify the plaintiff, as required by statute. This was probably true. But the matter was adjudicated and settled in the appeal case. In that case the plaintiff claimed damages for the land appropriated by the company for its right-of-way, and the company tendered a judgment for such damages, among others, which the plaintiff accepted, and judgment was entered accordingly. This judgment was

subsequently paid by the company and receipted by the plaintiff, and constituted a full payment for all damages for any trespass committed by entering upon said premises for purposes of grading the road-bed of said railway, as well as for the land appropriated. The bond, which it is alleged was not given until after the company had entered upon the lands of plaintiff for grading purposes, is only provided by the statute as a security for the payment of any judgment that may be obtained against the company on the appeal from the award of the commissioners, and is of no consequence after the judgment is paid. And if the company goes ahead and appropriates the right-of-way, and grades its road-bed without giving any bond at all, but subsequently actually pays whatever judgment is obtained against it, and the plaintiff in the judgment receives the same, such payment is complete satisfaction for any damages growing out of the former entry and appropriation of the land. The owner of the land need not permit the company to enter upon the premises for the purpose of grading the right-of-way until it has given the bond required on an appeal from the award of damages by the condemnation commissioners. Until such bond is given, he can enjoin the company from entering thereon.

The second contention of the plaintiff in error is, that he is entitled to damages because the company finally appropriated more than 100 feet in width of land for a portion of its right-of-way across his farm. We think the plaintiff is also concluded in this matter by the trial on the appeal. The condemnation commissioners were authorized to condemn a strip of land more than 100 feet wide where, on account of cuts and fills, a wider strip was necessary to the proper construction of the road-bed. In the plaintiff's petition setting forth his claim for damages, on his appeal from the commissioners' award, he alleges that the company, which had already graded its road-bed, had appropriated a strip of land from 100 to 200 feet wide across his farm. There is no pretense in this case that the company took more than the amount the plaintiff thus alleged in his appeal case it had taken. We therefore think

that, when the plaintiff accepted a judgment tendered on said petition, it covered all damages that could arise on account of an appropriation by the company of an amount of land within the scope of such petition. That being true, the court was right in its instruction to the jury to return a verdict for the defendant; and if so, it committed no error in refusing instructions asked by the plaintiff. There are several other cases mentioned in this record. We do not know just why the agreement that they are to follow the judgment in this case is incorporated into this record. Of course, they are not here in such a way as that we can act upon them, but the court below can enforce the agreement in relation thereto.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.