# The State v. Simons.

## Habeas Corpus.

[DECIDED APRIL 18, 1906, 40 So. REP. 662.]

1. *Habeas Corpus; Adjournment; Bail.*—A judge before whom a *habeas corpus* proceeding is pending, may, upon adjourning the trial to a later day, admit the prisoner to bail, under § 4832, Code 1896, pending the hearing.

2. *Trespass; Notice; Defense.*—Section 9, General Acts 1903, p. 310, which authorizes one to enter upon land under the direction of a railroad company for the purpose solely of making a preliminary survey of a proposed railroad line, subject to liability for all damages done to the lands, constitutes a legal cause or good excuse under § 5606, Code 1896, and when one enters for such purposes, it is a valid defense to a prosecution for trespass after warning.

3. *Constitutional Law; Property Rights; Deprivation.*—General Acts 1903, p. 310, § 9, is not unconstitutional as authorizing a deprivation of property without due process of law, the occupation being purely temporary, and is in no proper sense a taking of property; nor is such a provision unconstitutional as being class legislation.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

The appellee was arrested by the sheriff of Tuscaloosa county upon a warrant charging him with trespass after warning. He sued out a writ of *habeas corpus* returnable to the judge of the Tuscaloosa county court returnable

[The State v. Simons.]

on the 27th day of October. On that day the case was continued until the 30th of October pending which continuance the appellee was admitted to bail. The defense relied upon was that appellee was in the employment of a certain railway company and went upon the lands for the sole purpose of making a preliminary survey for the proposed lines of railway. On the hearing the petitioner was discharged and the State brings this appeal.

C. B. VERNER, county solicitor, M. P. ORMOND deputy solicitor and DANIEL COLLIER and W. P. McCROSSIN, for State.—The court erred in allowing bail pending the hearing of the habeas corpus proceedings. The action of the court was without a hearing of the evidence and therefore wholly unwarranted.—Section 4812 and 4834, Code 1896. *Habeas corpus* is a legal process for a summary vindication of the right of personal liberty when illegally restrained.—*Kirby v. State,* 62 Ala. 51.

The court erred in refusing the said motion of the State to dismiss the petition for *habeas corpus.* The court had already allowed bail and the petitioner had given the same and was released on bond, hence the purposes of the petition had been served and there was nothing before the court.

The so called articles of incorporation and the certificate of the secretary of State were inadmissible to show the incorporation of the Pensacola, Alabama & Western R. R. Co. In fact, so far as shown by the evidence the said read had not been incorporated. No effort was made to introduce the charter of the said railroad showing its rights and powers. Section 9 of the act approved October 2, 1903 (General Acts, 1903, p. 310) is in contravention of § 23 of the Constitution of 1901, in that it is an attempt to confiscate property without due process of law. And if it is not, by the very terms of the act itself, the payment of damages done thereto by an entry on the land is made a condition precedent to an entry and occupancy thereof.—*Birmingham Traction Co. v. Birmingham Ry. Co.,* 119 Ala. 132.

Said act, Sec. 9 thereof, is class legislation : it does not undertake to confer the rights and powers therein

[The State v. Simons.]

granted upon all persons or corporation, nor does it confer said powers or rights upon any natural person whatever. It confers the rights therein mentioned only upon a certain class of artificial person.

PITTS & PITTS for appellee.—The court did not err in overruling the State's motion to dismiss the petition for *habeas corpus.* The offense being a bailable one the court had the authority to fix the amount of bail after the *habeas corpus* proceedings were continued.—Sec. 4832 Code 1896.

The court did not err in discharging the petitioner upon the evidence in the case. He shows without dispute a legal cause or good excuse for going upon the land. —Gen. Acts 1903, p. 310, Sec. 9. The act in question was not unconstitutional.—*Aldridge v. Tuscumbia R. R. Co.,* 2 S. & P. 199; *Davis v. Tuscumbia R. R. Co.,* 4 S. & P. 421.

The Constitution prohibits the taking of it for public uses without just compensation. The main question in this case is whether or not the entry of the civil engineers employed by a railroad upon the lands of another is the taking of the property for public use without just compensation. Our contention is that it is not, and that the payment of the damages provided by the statute is not a condition precedent to entering on the land for the purposes of the statute. In support of this contention we cite the following:—*Chambers v. Cincinnati, etc. R. R. Co.,* 10 Am. and Eng. R. R. Case, 370 ;*Polly v. Saratoga & W. R. R. Co.,* 9 Barbour (N. Y.) ; *Bloodgood v. Mohawk & H. R. R. Co.,* 18 Wendell, 1.

Our next insistence is that the act in question is not violative of the constitution as being class legislation.

For the propositions asserted by us see also the following authorities. in addition to those above cited.— *State v. Seymour,* 35 N. Y. Law, 47; *Walker v. Warner,* 25 Mo. 277; *Bonaparte v. Camden R. R. Co.,* Bald. 205, 225; *Stewart v. Baltimore etc.,* 7 Md. 516; Lewis on Eminant Domain, § 145; Elliott on Railroad § 925.

DOWDELL, J.—The appellee was arrested and imprisoned on a charge of trespass after warning, and on a

writ of *habeas corpus* was discharged from such impris-
onment. From the order or judgment discharging the
appellee, the state prosecutes this appeal.

The judge of the county court of Tuscaloosa, before
whom the proceedings on *habeas corpus* were had, ad-
journed the hearing from the 27th day of October to the
30th, during which time he admitted the appellee to bail.
This the judge was authorized to do, under section 4832
of the Code of 1896.

The offense of trespass after warning is a statutory
offense. Code 1896 § 5606. The statute provides that
"any person, who, without legal cause or good excuse,
enters into the dwelling house, or on the premises of
another, after having been' warned, within six months
preceding, not to do so," etc. If a legal cause or good
excuse exists for entering on the premises, certainly the
statute is not violated. There can be no doubt that it is
within legislative competency to say what shall consti-
tute a "legal cause or good excuse." The undisputed ev-
idence showed that the appellee, Simons, was a civil en-
gineer in the employment of the Pensacola, Alabama &
Western Railway Company of Alabama, a corporation
organized under the general statutes approved October 2,
1903, (Gen. Acts 1903, p. 310), and as such under the
directions of said company entered upon the premises in
question solely for the purpose of making a preliminary
survey of the proposed route or line of railway of said
railway company. Section 9, p. 320, of the above act,
for the purpose mentioned, authorizes an entry upon the
premises of another, "but subject to liability for all dam-
ages done thereto." This authorization of the statute
furnished to the appellee, in entering upon the premises
for the purpose of making an examination and survey of
the proposed line of railroad, "a legal cause and good
excuse" as against a criminal prosecution under the stat-
ute. Code 1896, § 5606, for trespass after warning.

The entering upon the premises for the purposes of
"examinations and surveys of their proposed railroad or
lines, as may be necessary to the selection of the most ad-
vantageous routes," is purely of a temporary nature, and
in no proper sense a taking of the property, and conse-
quently not a violation of the constitutional provision

[Central of Ga. R'y. Co. v. The State.]

which requires that just compensation shall first be paid before property is condemned and taken for railroad purposes. The act in question does not undertake to deprive the owner of the premises of any right of action for any damage he may sustain by reason of such entry, but, on the contrary, expressly provides that it shall be subject to liability for all damages done thereto"; that is, to the lands so entered upon.                                                    l

We are unable to discover any class legislation in section 9 of said act, such as is condemned by our Constitution, and such contention is without merit.

We find no error in the proceedings had before the judge of the county court, and the order appealed from will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.