144 So. 1

**BIRMINGHAM-TRUSSVILLE IRON CO. v. ALLIED ENGINEERS, Inc.**

7 Div. 124.

Supreme Court of Alabama.

Oct. 6, 1932.

Rehearing Denied Nov. 3, 1932.

John S. Stone, M. Leigh Harrison, and John S. Stone, Jr., all of Birmingham, and Goodhue & Lusk, of Gadsden, for appellant.

Dortch, Allen & Dortch, of Gadsden, and Martin, Thompson & McWhorter, of Birmingham, for appellee.

KNIGHT, J.

Suit by the Birmingham-Trussville Iron Company against the Allied Engineers, Inc., to recover damages for certain alleged trespasses committed by appellee upon lands of appellant. Count 1 of the complaint sought recovery of the defendant for the statutory penalty for willfully and knowingly cutting trees on plaintiff's land between January 1, 1930, and May 10, 1930; count 2 claimed for trespass by defendant upon lands of plaintiff, and cutting timber thereon; count 3 claimed damages for trespass upon lands of plaintiff, and for willfully, wantonly, and intentionally cutting trees on said property; and count 4 was in form prescribed by the Code for the conversion of trees, the property of appellant, plaintiff in the court below.

From the pleading and the evidence in the cause, it appears that the Alabama Power Company, a power corporation organized and existing under the laws of the state of Alabama, and having the right and power as such corporation, to acquire by condemnation land, found it necessary or expedient to construct an electric power transmission line over and upon the lands of the plaintiff. To that end, the Alabama Power Company contracted with the defendant (appellee) to make for it a survey for the proposed electric power transmission line; that the survey was necessary for the selection of the most advantageous route for said proposed power line; that the appellee also contracted with the Alabama Power Company to construct said line; that the acts complained of in each count of the complaint were done by the appellee in making the said survey and in constructing the said power line.

It also appears that, after some of the acts complained of were done, but before any suit to recover damages therefor was commenced, the Alabama Power Company instituted in the probate court of Etowah county proceedings to acquire by condemnation the lands upon which the alleged trespasses were committed, and from which the trees were cut. The condemnation proceedings were filed on April 29, 1930, and the decree of condemnation in the probate court was entered on the 20th day of May, 1930, and the report of the commissioners awarding and fixing the amount of compensation to be paid by the Alabama Power Company to the plaintiff was approved by the court on May 28, 1930. From the order and judgment of condemnation, the Birmingham-Trussville Iron Company ap-

pealed to the circuit court. In the circuit court, on the 6th day of October, the appeal came on to be, and was, tried, and the court upon such trial, after duly considering the application, made and entered an order and judgment granting the application for condemnation. Thereupon a jury was impaneled to assess the "damages and compensation" to which the Birmingham-Trussville Iron Company was entitled "for the condemnation of certain ways, rights and rights of way and easements described in paragraphs 9, 10 and 11 of article 'Fourth' of such application (plaintiff's lands)." The jury awarded the said landowner the sum of $2,500, and this amount was paid to the clerk, and by that officer, prior to the filing of defendant's pleas in this cause, paid over to, and accepted by, the plaintiff.

The present suit was filed in the circuit court of Etowah county on September 2, 1930. Defendant's pleas were filed on the 12th day of February, 1932.

The plaintiff demurred to each of defendant's pleas, except the plea of the general issue, on numerous grounds. The court overruled the demurrers to pleas 2, 3, and 6, and overruled the demurrer to pleas 4 and 5 as addressed to count 2 of the complaint, but sustained the demurrer to pleas 4 and 5 as interposed to counts 1, 3, and 4 of the complaint.

■ If any one of defendant's pleas was good, as interposed to all the counts of the complaint, and if the evidence warranted the general charge for the defendant upon such plea, it would be error without injury, if the court improperly overruled demurrers of the plaintiff to the other pleas of the defendant. Bason v. A. G. S. R. R. Co., 179 Ala. 299, 60 So. 922; Mizzell v. So. Ry. Co., 132 Ala. 504, 31 So. 86; Wynn v. McCraney et al., 156 Ala. 630, 46 So. 854.

Stripping this case, as presented by the record on this appeal, of all technicalities and refinements, the one question presented is, May the owner of land, which has been acquired by due condemnation proceedings by a public utility corporation, invested with the right of eminent domain, after he has been paid, and has accepted compensation therefor, as fixed by the jury, recover damages, for alleged trespasses committed upon the realty so taken, and which alleged trespasses consisted of cutting and removing trees from the lands so acquired, the reasonable market value of which trees was litigated in the condemnation proceedings, and were included in the amount of compensation awarded the landowner? May the landowner, after having been paid an amount of money by the condemnor for the land, which also included the fair, reasonable market value of the trees cut and removed from the lands so acquired, thereafter prosecute to judgment a suit against the agent of the condemnor for the statutory penalty for cutting the said trees? These are the two concrete questions which this record presents for determination.

The original entry by the appellee upon plaintiff's land was made in the right of the Alabama Power Company, which company, clothed with the right of acquiring property by condemnation, had the authority, by its officers, agents, or servants, under section 7027 of the Code of Alabama, to enter upon said lands for the purpose of examination and making surveys for its proposed electric power transmission line, in order to select the most advantageous route. Said company, of course, was subject to liability for all damages occasioned by such entry to the lands of the plaintiff.

After appellee entered upon said lands, and before the condemnation proceedings were filed in the probate court of Etowah county, the appellee cut one hundred and forty-three of the oak and pine trees mentioned in the complaint, and five hundred of the oak, pine, and hickory trees were cut by appellee between the time that the application was filed and the time the compensation awarded by the commission appointed pursuant to said application was paid in the probate court. The other trees mentioned in the complaint were cut after the compensation fixed by the jury in the probate court had been paid into court and prior to October 6, 1931, and before the plaintiff accepted the award, and before the trial of condemnation proceedings in the circuit court.

Section 235 of the Constitution requires that municipal and other corporations invested with the privilege of taking property for public use shall make just compensation to the owner for the land so taken, and which must be paid before such taking, injury, or destruction. However, section 7027 of the Code authorizes public service corporations to enter upon private property for the purpose of making surveys, and selecting the most advantageous routes for their roads and lines, but this section specifically states that the corporation so entering and exercising such right is subject to liability for all damages done to the land.

In the case of Dancy v. Alabama Power Co., 198 Ala. 504, 73 So. 901, 902, this court, in considering the effect and scope of section 3493, now section 7027 of the present Code, held: "It is manifest from the plain terms employed in the statute as well as from the purpose it would subserve and effect that the rights therein conferred are predicated of the sovereign power to take, to injure, or to destroy the property of others through its appropriation and devotion to a public use. In Ala. Inter. Power Co. v. Mt. Vernon, etc., Co., 186 Ala. 622, 650, 65 So. 287, 295, of this statute it was said: 'The temporary

right, and consequent limited immunity (State v. Simons, 145 Ala. 95, 40 So. 662), conferred by this statute, is necessarily incident to, and preliminary of, authorized proceedings to condemn, instituted by the entities mentioned therein. Manifestly the right thereby established is not conditioned—otherwise than upon an authoritative prerogative to exercise the power of eminent domain—upon any other contingency than that the corporations mentioned shall have in contemplation (not already instituted) proceedings to exercise the rights and powers to condemn. The obvious purpose of the statute was to allow preparatory, preliminary investigations and surveys in order to properly prepare for, and to intelligently invoke, condemnation proceedings. The right conferred is valuable and essential to the object it has in view.' "

Of course, the statute does not undertake to, and does not, justify or authorize any permanent injury to, or destruction of, standing timber, or trees, by the corporation so entering upon the land, in the exercise of this right of examination and survey conferred by the statute. To place such a construction upon the statute would make it violative of the plainest terms of section 235 of the Constitution, which protects the citizen in the enjoyment of his right of property, until compensation is paid him therefor.

In the case of Jones v. N. O. & S. R. Co., 70 Ala. 227, which is possibly one of our best-considered cases dealing with some of the questions involved in this case, our court, speaking through Chief Justice Brickell, has made the following observation with reference to the rights and liabilities of a condemnor who has taken private property before resorting to condemnation proceedings: "Though the appellee was a trespasser, by reason of the neglect to pursue the proper remedy for acquiring the lands—acquiring them without the consent of the owner—there is in the right continuing in him to pursue the proper remedy, rendering the possession rightful, and by which title may be acquired, a plain distinction between the appellee and a *common trespasser*. As against such trespasser, the proprietor can keep the lands, and, keeping them, hold the improvements he may have annexed to the soil. No remedy is given the trespasser, by which he may acquire the use and enjoyment of, or title to the lands. There is, also, another distinguishing fact; the structures of the appellee were dedicated, not to the use and enjoyment of the freehold, but to public uses, which are the consideration for the grant to the appellee of corporate franchises, and of the right, in the exercise of these franchises, to take and appropriate private property.—Justice v. N. V. R. R. Co., 87 Pa. 28; N. C. R. R. Co. v. Canton, 30 Md. 347; Morgan v. C. & N. R. R. Co., 39 Mich. 675; Lyon v. G. B. & M. R. Co., 42 Wis. 538. These elements of the case distinguish it from that of the trespasser entering upon lands, fixing chattels to the freehold for its use and enjoyment, which he must intend to convert into realty, and which, following the title to the soil, as one of its incidents, pass to the proprietor." (Italics supplied.)

■ Under the pleadings and evidence in this case, the entry of the appellee upon appellant's lands in question was in law the entry by the Alabama Power Company. The Alabama Power Company, a public utility corporation clothed with the right to acquire lands for public use in the conduct of its quasi public business, and authorized by statute to enter upon lands, which it contemplated acquiring for public use by condemnation, to examine and make surveys thereon for routes or lines, can only act by and through officers, agents or servants. In the instant case, under the pleadings and evidence, the appellee was contract agent of the Alabama Power Company to survey out a route for its electric power transmission line over lands of appellant, which it then contemplated acquiring by condemnation, and to construct the proposed line when surveyed and selected.

■ If then the appellee was an agent of the power company in making the survey and in constructing the power line, and in performing this service, it had the right to enter upon the lands of the plaintiff to make the survey, with a view to the selection of the most advantageous route, and it, in exercising this statutory right given the power company was not a trespasser, and would not be liable to appellant as for a trespass, unless, after entering upon the land, it (appellee) did some substantial injury to the property of the appellant in or about the business of making the examination or surveys authorized by the statute. And, if substantial injury was done to the property by appellee, the owner would be entitled to damages therefor, and would be entitled to recover such damages against both the agent and the power company, and would be entitled to recover in this action, unless plaintiff has been compensated for such injury by the Alabama Power Company, appellee's principal.

At the time the survey was made by appellee, and at the time the trees were cut on plaintiff's land, and which were then standing on the one hundred foot right of way, which the Alabama Power Company afterwards acquired by condemnation, it was within the actual contemplation of the Alabama Power Company to acquire the same for the extension of its lines. There is no contestation in this case over the fact that the Alabama Power Company did, after the trees were cut, acquire the lands from which the trees were cut, and that the amount of compensation for the land, as contemplated by

the Constitution, was duly ascertained and paid to, and accepted by, the appellant.

■ Under the law in this state, where the property is taken before condemnation proceedings are had, the compensation must be assessed, or ascertained, as of the time when the land is taken.

It is held in Jones Case, supra, the entry upon lands, disturbing the possession of the proprietor, followed by the location of the road and operations for its construction, is the time of the taking. Such are declared to be acts in the exercise of the right of eminent domain, and the right of the proprietor to compensation for the loss and injury sustained by this exercise of the right is then complete.

■ The value of the land when taken, before construction of the road, *and before any injury* to the land taken resulting from the construction, and the injury, the diminution in value of the contiguous lands, is the true and just measure of compensation. Jones v. N. O. & S. R. R. Co., supra; Lyon v. G. B. & M. R. Co., supra; United States v. Goodloe, 204 Ala. 484, 86 So. 546; Southern Ry. Co. v. Cowan, 129 Ala. 577, 29 So. 985; Hays v. Ingham-Burnett Lumber Co., 217 Ala. 528, 116 So. 689.

For all practical purposes, in applying the applicable principles of law, the present suit may be regarded, and treated as an action against the Alabama Power Company.

The concrete question, as heretofore stated, then is, Can the plaintiff, in this action, having had compensation paid to it for the lands taken, and having accepted the same, further maintain this suit to recover damages for the alleged trespass upon the land, and for cutting the trees then standing on the land and which trees were felled in order to survey the route for the power line, and in constructing the same? Or can the plaintiff maintain an action of debt, for the statutory penalty, against officers for cutting said trees under such circumstances? This precise question seems never to have come before this court, in any of our former cases.

■ Pleas 3 and 6 filed to all counts of the complaint present, as a defense to the action, that the plaintiff has been fully compensated for the land taken by the Alabama Power Company, and that the compensation awarded the plaintiff included the damages sustained by the plaintiff in cutting the trees complained of in the complaint. Pleas 3 and 6 each present this same defense, and in our opinion were not subject to any ground of demurrer directed thereto.

In the case of Roell et al. v. Shields, 124 Miss. 226, 86 So. 763, a plaintiff (landowner) sued to recover both the penalty and the actual value as damages for cutting trees upon his land. The lower court allowed the recovery, but, on appeal to the Supreme Court of Mississippi, that court reversed the judgment of the lower court, holding that the owner cannot have both actions, but must elect whether he will proceed to recover the penalty, or the actual value, but he cannot recover both. To the same effect was the holding of the same court in the case of Ladnier v. Ingram Day Lumber Co., 123 Miss. 238, 85 So. 196.

The Supreme Court of Pennsylvania, in the case of Bethlehem South Gas & Water Co. v. Yoder et al., 112 Pa. 136, 4 A. 42, 45, held, in passing upon a case very similar to the case now before this court: "It would be a perversion of the spirit of the act to apply it to such a case as this. The cutting of the timber was a mere incident of the taking of the land for a public use. It is true, the original taking was a trespass; but it was a technical trespass merely, and arose from the difficulty of finding the names of all the owners of the property."

In the case of Fitzgerald v. Chicago, K. & W. R. Co., 48 Kan. 537, 29 P. 703, the Supreme Court of Kansas held that, where damages were awarded a landowner in condemnation proceedings instituted by a railroad company, and the owner appealed from the award, and the railroad company entered upon the land, and graded its roadbed before giving bond to secure the judgment as was required, but afterwards, on the trial of the question on appeal, tendered the owner a judgment, which was accepted, and judgment entered, and the company paid the judgment, which was received by the owner, such payment was a full satisfaction of all damages growing out of the entry upon the land for grading purposes, notwithstanding such entry was made before the bond to secure the judgment on appeal was given.

In the case of William G. Lewis v. City of Boston, 130 Mass. 339, the Supreme Court of Massachusetts held that the recovery of a judgment, which had been satisfied, upon a petition under the Statutes of 1872, c. 177, for the taking of land by a city, for the purpose of connecting the waters of Sudbury river with Lake Cochituate, was a bar to an action of tort against the city for injury to the same land, done before the city had filed a statement and description of the land taken under the statute.

We are without any sort of doubt that an action under section 10371 of the Code for trees cut does not lie, under the facts of this case. The cutting was not willfully and knowingly done, within the meaning of said section.

We must not be understood, however, as holding that corporations having the right of eminent domain are not within section 10371 of the Code in respect of depredations com-

mitted upon land taken by them *without condemnation* and *compensation*, or purchase, for quasi public purposes.

The question of liability for such depredations seems to have been directly presented in the case of Farrow v. Nashville, Chattanooga & St. Louis Ry. Co., 109 Ala. 448, 20 So. 303. However, by virtue of the statute, section 7027 of the Code, the appellee as agent or servant of the Alabama Power Company, had the authority to enter upon appellant's land to make the examination and survey; and in doing so were only answerable for any substantial damages done to appellant's land, committed while thereon. This entry, lawful in its commencement, was followed up shortly thereafter by due condemnation proceedings, which culminated in the acquisition of the land, upon which the alleged trespasses were committed, and the payment to, and acceptance by, the appellant of moneyed compensation for the damages, as ascertained by a jury. The facts of this case clearly differentiate it from Farrow's Case, supra.

■ If it be conceded that pleas 3 and 6, which were addressed to each count of the complaint, were not good as pleas res adjudicata, nevertheless they were each good as pleas puis darrein continuance, presenting an estoppel against the further continuance of plaintiff's suit. The court, therefore, properly overruled the demurrers thereto. The plaintiff will not be permitted to collect the value of the lands and trees standing thereon, and then be allowed to recover damages, either for the original trespass upon the land by cutting the identical trees for which it had been paid, nor will he be allowed to recover the statutory penalty allowed by section 10371 for the willful and knowing cutting of the same trees, for which it had been paid. Plaintiff will not be allowed to thus split up one and the same cause of action, growing out of one and the same wrong.

The evidence without conflict shows that the reasonable market value of the trees was litigated in the condemnation suit (and properly so, Alabama Power Co. v. Berry, 222 Ala. 20, 130 So. 541); that their reasonable market value was included in the award; and that the amount of the damages and compensation, ascertained by the jury to be due plaintiff for the land taken, was the fair, reasonable market value at the time it was taken, and also all the damages sustained by the appellant as the result of the acquirement of the rights and easements described in the application for condemnation, were included in the judgment. This judgment had been fully paid to appellant, and accepted by him before the pleas were filed. We may further state that the evidence without conflict fully supports every material averment of pleas 3 and 6, and the court correctly gave the

affirmative charge for the appellee. It is no moment, therefore, whether there was, or was not, error in overruling the appellant's demurrers to any of the other pleas in the case, whether defective or not.

It follows that the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.