TOWN OF CARLISLE & others[1] vs. DEPARTMENT OF
PUBLIC UTILITIES & another.[2]

Suffolk.   February 6, 1968. — March 4, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Public Utilities.   Natural Gas Pipeline Company.   Eminent Domain*, Pre-
liminary survey.   *State Administrative Procedure Act.   Political Mat-
ter.*

An allegation in a petition for appeal from an order of the Department
of Public Utilities under G. L. c. 25, § 5, that the order authorized
certain action was a conclusion not admitted by a demurrer to the
petition; the order must be considered on its own wording.  [723–724]
Authority to enter upon lands for the purpose of making a preliminary
survey may be granted by the Department of Public Utilities to a
natural gas pipeline company under G. L. c. 164, §§ 75D, 72A, without
a prior grant of power to make a taking and without notice or hearing.
[724]
An order by the Department of Public Utilities under G. L. c. 164,
§§ 75D, 72A, granting to a natural gas pipeline company authority
to enter upon lands for the purpose of making a preliminary survey
dealt with a political question of governmental policy and was not
made in an "adjudicatory proceeding" within G. L. c. 30A, § 1. [724]

PETITION filed in the Supreme Judicial Court for the
county of Suffolk on February 17, 1967.

The case was heard by *Reardon*, J., on demurrers.

*W. Hugh M. Morton* for Adalbert E. Benfield & others
(*Daniel H. Kelleher*, for the Town of Carlisle, with him).

*Alan J. Dimond*, Assistant Attorney General, for the De-
partment of Public Utilities (*Norman J. Richards*, for the
intervener Tennessee Gas Pipeline Company, with him).

WILKINS, C.J.   This is a petition for appeal purportedly
pursuant to G. L. c. 25, § 5, from a final decision, order, and

---

[1] Adalbert E. Benfield, of Carlisle, an original petitioner; John H. Gilbert
and Patricia R. Gilbert, of Carlisle, and Henry M. Keyes, of Concord, inter-
veners.

[2] Tennessee Gas Pipeline Company, intervener.

"finding" of the respondent department dated February 8, 1967, by which the respondent pipeline company (Tennessee), was authorized under G. L. c. 164, § 75D,[3] "to enter upon the lands of any person or corporation for the purpose of making a survey." The respondents' demurrers for want of equity were sustained by a single justice. A final decree dismissed the petition. The petitioners appealed.

The order of the department was upon a petition of Tennessee for authority to enter upon certain lands for the purpose of making a survey preliminary to eminent domain proceedings incident to the construction of proposed pipelines for the transmission of natural gas in eleven towns, one being Carlisle. We state findings of the department.

Tennessee is a natural gas pipeline company as defined by G. L. c. 164, § 75B, authorized to transmit and distribute gas, and is a public service corporation supplying natural gas in bulk to several Massachusetts gas utilities.

The survey is necessary to determine the route of a high pressure gas transmission line from Tennessee's new liquified natural gas plant in Hopkinton for delivery to its customers in certain areas in Massachusetts and New Hampshire "before the 1967-8 season." The primary purpose of this pipeline is to provide the gas companies in those areas with a new economical supply of peaking gas to enable them to meet their winter system demands without maintaining or increasing their individual peaking facilities. Tennessee has two storage caverns under construction and plans to install five more as the system load requires additional capacity. The pipeline right of way will be generally fifty feet in width and approximately thirty-five miles in length.

The assertion in the petition for appeal that the order authorizes the cutting of trees is an unsupported conclu-

---

[3] "Section 75D. The provisions of section seventy-two A shall be applicable to natural gas pipe line companies."

"Section 72A. The department may upon petition authorize an electric company to enter upon lands of any person or corporation for the purpose of making a survey preliminary to eminent domain proceedings. The company so entering upon any such lands shall be subject to liability for any damages occasioned thereby, to be recovered under chapter seventy-nine."

sion of law not admitted by demurrer. See *Laughlin Filter Corp.* v. *Bird Mach. Co.* 319 Mass. 287, 290; *Doherty* v. *Commissioner of Ins.* 328 Mass. 161, 163; *Hayeck* v. *Metropolitan Dist. Commn.* 335 Mass. 372, 374.

The order does not mention trees, and does not in terms or by indirection authorize the cutting of trees. The petitioners' brief to the extent that it alleges the contrary cannot be considered. We take the order on its own wording.

The petitioners' efforts to twist the order into an authorization to exercise the power of eminent domain are unsound. No taking was authorized. The validity of the preliminary survey order under § 75D is not contingent upon previous grant of power to make a taking. An application under § 75D is distinct from an application for eminent domain authorization under § 75C. The requirements in the latter section of notice and hearing are not included by implication in § 75D. Nor is this result achieved by the provision in § 72A (expressly incorporated in § 75D) subjecting a company to liability under c. 79 (the general eminent domain statute) for damages occasioned by a preliminary survey.

Another impermissible contention of the petitioners is that the order authorizing the preliminary survey was the result of an adjudicatory proceeding under G. L. c. 30A, § 1. That this was a political question of governmental policy has been too often determined in analogous cases to require discussion. *Hayeck* v. *Metropolitan Dist. Commn.* 335 Mass. 372, 374–375. *Natick Trust Co.* v. *Board of Bank Incorporation,* 337 Mass. 615, 616–617. *City Bank & Trust Co.* v. *Board of Bank Incorporation,* 346 Mass. 29, 30–32. *First Church of Christ, Scientist, in Boston, Mass.* v. *Alcoholic Beverages Control Commn.* 349 Mass. 273, 274–275. *Moskow* v. *Boston Redevelopment Authy.* 349 Mass. 553, 570–571.

There was no right to a hearing or a notice of hearing. If the petitioners contend that the statutes under which Tennessee justifies its entry constitute a violation of some unstated constitutional provision, such contention cannot be

sustained.    See *Onorato Bros. Inc.* v. *Massachusetts Turn-pike Authy.* 336 Mass. 54, 56; *Thurlow* v. *Crossman,* 336 Mass. 248, 250–251; Restatement 2d: Torts, § 211, comment c.

*Interlocutory decrees sustaining demurrers affirmed.*
*Final decree dismissing petition affirmed.*