ORANGE WATER AND SEWER AUTHORITY v. ESTATE OF NANCY ARM-
STRONG, Deceased, and COY ARMSTRONG; C. V. BRADSHAW and wife,
EFFIE BRADSHAW; ELMER JUNE BRADSHAW and wife, KITTY FELMET
BRADSHAW; ROBERT E. BRADSHAW and wife, MINNIE BRADSHAW;
A. G. CRAWFORD HEIRS, JOEL CRAWFORD and REBECCA CRAWFORD;
CECIL CLAY CRAWFORD, Single, and BEULAH MAE CRAWFORD;
MAURICE M. HENKELS and wife, HELEN M. HENKELS; W. BRUCE HOLT
and wife, NANCY F. HOLT; AUBREY W. IVEY and wife, ALICE WALKER
IVEY; EDWARD S. JOHNSON and wife, NANCY M. JOHNSON; ALVIS
BREWER LLOYD, Single; JOHN D. LLOYD and wife, CAROLYN SHOTTS
LLOYD; W. BANKS LLOYD and wife, HAZEL P. LLOYD; ERLE F. LLOYD
and wife, PRISCILLA W. LLOYD; GLADYS T. SNIPES, Executrix of W. M.
SNIPES, Deceased; CARRIE TEER SNIPES; J. M. SNIPES, JR. and wife,
LORA SNIPES; CHARLES W. SNIPES and wife, FRANCIS SNIPES; TEER
FARMS, INC.; CHARLES E. TEER and wife, LETA C. TEER; THOMAS E.
TEER and wife, JUANITA RILEY TEER; THOMAS Y. TEER and wife,
EVELYN M. TEER; JAMES C. THOMPSON and wife, BETTY A. THOMPSON;
FORREST W. YOUNG and wife, BERNA PINNER YOUNG

No. 7715SC492

(Filed 26 September 1977)

**Municipal Corporations § 4; Sanitary Districts § 2— Water and Sewer Authority—
eminent domain—right to survey land**

The procedures for eminent domain governing cities and counties apply to
Water and Sewer Authorities created pursuant to Article 1 of G.S. Chapter 162A
with the additional requirement that, before an action in eminent domain is com-
menced, a certificate of authorization must be obtained; and because such an
Authority has the power of eminent domain possessed by cities, it may enter and
survey land prior to the institution of an eminent domain proceeding.

APPEAL by defendants from *Hobgood, Judge*. Order signed 28
April 1977 in Superior Court, ORANGE County. Heard in the Court of
Appeals 22 September 1977.

Plaintiff owns and operates the water and sewer public utility
system that furnishes water and sewer service to the communities
of Carrboro, Chapel Hill and other areas of Orange County. Plaintiff
believes that it is necessary to construct a dam and reservoir on
Cane Creek. The site of the proposed dam and reservoir will be on
some of the lands owned by the defendants. Defendants have re-
fused to allow plaintiff's agent to go on their lands for the purpose of
making surveys.

Plaintiff began this action to restrain defendants from prevent-
ing plaintiff's agent from going on defendants' land "for the purpose
of making surveys in order to locate and map the outside boundaries
of the proposed dam and reservoir, as well as the area, if any,

necessary to be acquired extending from the perimeter of such pro-
posed reservoir, together with contour lines and a legal description
of each of the properties which will be necessary to be acquired for
the purpose of locating and constructing the dam and reservoir."

After a hearing on plaintiff's motion for a temporary injunc-
tion, the court allowed the motion and granted the requested relief
pending a final determination of the action.

*Claude V. Jones, for plaintiff appellee.*

*Hunt & Abernathy, by George E. Hunt, for defendant ap-
pellants.*

VAUGHN, Judge.

Plaintiff, Orange Water and Sewer Authority, was created pur-
suant to Article 1, Chapter 162A of the North Carolina General
Statutes. G.S. § 162A-6 enumerates its powers which include the
power "[t]o acquire in the name of the authority by . . . exercise of
the right of eminent domain in accordance with the General
Statutes of North Carolina which may be applicable to the exercise
of such powers by municipalities or counties, any lands or rights in
land or water rights in connection therewith . . . ." This power is fur-
ther subject to the provisions of G.S. § 162A-7(a) which states that
"[n]o authority shall institute proceedings in the nature of eminent
domain to acquire water, water rights, or lands having water rights
attached thereto without first securing from the Board a certificate
authorizing such acquisition."

Defendants contend that plaintiff has no right to go on their
lands for the purpose of making surveys until it has secured the cer-
tificate authorizing the institution of eminent domain proceedings
and, consequently, cannot bring this action to enforce that right. We
cannot sustain that contention.

The portion of G.S. 162A-6 we have quoted gives plaintiff the
power of eminent domain to be exercised under any statute ap-
plicable to municipalities. G.S. 160A-263 provides that "[a]ny city,
without having adopted a preliminary condemnation resolution . . .
is authorized to enter upon any lands . . . to make surveys, borings,
examinations, and appraisals as may be necessary or expedient in
carrying out and performing its rights or duties under this Article
[Eminent Domain]." Moreover, G.S. 160A-241 allows a city at its
election to use the procedures of Article 2 of Chapter 40. G.S. 40-3
also allows a preliminary entry to lay out routes. Plaintiff,

therefore, having the power of eminent domain possessed by cities, may also enter lands for the purpose of making surveys prior to the institution of eminent domain proceedings.

The present action is not one "in the nature of eminent domain" which must await the granting of the certificate required by G.S. 162A-7. It is, instead, an action to enforce plaintiff's right of entry prior to the institution of such proceeding. A similar question was presented in *Duke Power Co. v. Herndon*, 26 N.C. App. 724, 217 S.E. 2d 82 (1975). The Court held:

> "[t]he present action is not an action to condemn a right-of-way across defendants' lands. This is an action to enforce the statutory right of plaintiff under G.S. 40-3 to 'enter upon' defendants' lands for the purpose of making a survey of the proposed route."

As a practical matter, it appears that the statutory right of entry should be exercised before petitioning for the certificate authorizing the acquisition. The petition must include a description of the waters and water rights involved, plans for impounding the waters, and the names of the riparian owners affected thereby insofar as known. The certificate may be issued only after a finding of maximum benefit based on a variety of criteria including the probable detriment to present water and watershed users that will be caused by the project.

In summary, we hold as follows. The procedures for eminent domain governing cities and counties apply to Water and Sewer Authorities created pursuant to Article 1 of Chapter 162A with the additional requirement that, before an action in eminent domain is commenced, a certificate of authorization must be obtained. The Authority's right of eminent domain is not dormant before certification. Because it has the power of eminent domain possessed by cities, it may enter and survey prior to the institution of an eminent domain proceeding.

Defendants' assignments of error directed to the findings of fact have been considered and are overruled. There is ample evidence to support the order allowing the temporary injunction.

The order is affirmed.

Affirmed.

Judges HEDRICK and CLARK concur.