THE COUNTY OF KANE, Plaintiff-Appellee, *v.* ELMHURST NATIONAL BANK, Trustee, *et al.*, Defendants-Appellants.

Second District   Nos. 82—532, 82—651 cons.

Opinion filed December 28, 1982.

Edward T. Graham, of Glen Ellyn, for appellants.

Robert J. Morrow, State's Attorney, of Geneva (Edgar K. Collison, III, Assistant State's Attorney, of counsel), for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The County of Kane (County) filed complaints in the nature of equitable bills for discovery against the defendant landowners and

thereafter filed a motion for "pre-pleading discovery." It sought permission to enter the land of the defendants, Elmhurst National Bank, as trustee under Trust No. 3000, Frederick E. Haskins and Mary L. Haskins (the Owners) to conduct surveys, appraisals and subsoil tests preliminary to condemning the lands for highway construction purposes. The defendants filed motions to dismiss alleging that neither the provisions of the Illinois Highway Code relied upon by the County (Ill. Rev. Stat. 1979, ch. 121, par. 4—503) nor Supreme Court Rule 214 (73 Ill. 2d R. 214) authorize the relief sought in the absence of the owners' consent; and alleging alternatively that if so construed a violation of defendants' constitutional rights would ensue. The trial court denied the motion to dismiss the complaint. The motion of the County for prepleading discovery pursuant to Supreme Court Rule 214 was granted and the court entered the following order:

> "It is hereby ordered that the County of Kane or its agents are allowed to reasonably enter the premises and allowed to take and perform necessary and reasonable and necessary [sic] procedures in securing a survey, appraisal and subsoil and geologic samples outlined in the following manner:
>
> Jerry Hines to come upon the property to survey (with transit) and Stake the Center line of the proposed highway by placing stakes every 100' (small stakes), that soil and material services shall enter the premises with a small jeep like vehicle with an auger on the back and every three hundred feet take a soil boring and at special insistence of Plaintiff's attorney and after soil boring made and geologic study completed shall fill said hole. Finally Robert Lightner shall enter the premises and appraise both the vacant parcel and appraise said home on parcel. That this entire process shall be over 8 working days and any damages done shall be paid for. That at least 4 days advance notice is needed to have and coordinate all parties so that a minimum of inconvenience shall be done to Defendants"

from which the Owners appeal.

A preliminary question arises from the County's motion to dismiss the appeal which we have taken with the case. The County argues that the order, being a grant of a discovery motion, is not appealable under Supreme Court Rule 307(a)(1) (73 Ill. 2d R. 307(a)(1)), since, while injunctive relief was prayed for in the complaint, it was not granted in the order. Generally, preliminary orders in a pending suit are not appealable because they are reviewable on appeal from the final order in the suit. (*Durkin v. Hey* (1941), 376 Ill. 292, 297.) Here, although the order was formally a grant of a discovery motion,

no condemnation proceedings have been initiated by the County. The complaint sought permission to enter upon defendants' land pursuant to section 4—503 of the Illinois Highway Code "for the purpose of conducting engineering studies and appraisals of the property to be acquired." The trial court's order allowing the County to enter the land and to perform reasonable and necessary procedures to secure a "survey, appraisal and soil and geologic samples," specifying methods of surveying and soil borings to be used, in substance granted plaintiff the relief sought under the complaint and it is therefore appealable. (*Durkin v. Hey* (1941), 376 Ill. 292, 296-97.) To hold otherwise would enable the County to obtain the requested relief while denying the property owners the right to a review of the granting of the petition.

The Owners argue that section 4—503 does not allow plaintiff to enter upon the lands of others to make surveys or appraisals or to take subsurface soil surveys without either the landowners' permission or prior condemnation proceedings.[1] But the County asserts that although the complaint was brought under section 4—503 of the Illinois Highway Code, because the highway is a county highway the case is controlled by section 5—803 of the Code. Section 5—803 provides:

> "For the purpose of making surveys and the determination of the amount of property necessary to be taken or damaged in connection with any highway project, the county through its officers, agents or employees, after notice to the owner, may enter upon the lands or waters of any person or corporation, but subject to responsibility for all damages that may be occasioned thereby." Ill. Rev. Stat. 1981, ch. 121, par. 5—803.

We agree that section 5—803, and not section 4—503, governs whether the County has the right to make the surveys requested by the complaint. Article V of the Illinois Highway Code deals with county administration of highways, whereas article IV deals with State administration of highways. The power of entry and survey granted by section 5—803 is in aid of the county's power under section 5—801 to acquire property, by condemnation if necessary, for highway construction purposes.

---

[1] "Entry on lands to make surveys

For the purpose of making subsurface soil surveys, preliminary surveys and determinations of the amount and extent of such land, rights or other property required, the Department, or any county, by its officers, agents or employees, after notice to the owner, and in the case of subsurface soil surveys, written consent by the owner, may enter upon the lands or waters of any person, but subject to responsibility for all damages which shall be occasioned thereby." Ill. Rev. Stat. 1981, ch. 121, par. 4—503.

■ Nonetheless we disagree with the County's assertion that section 5—803 allows it to conduct the requested subsurface and geologic studies without the owners' consent. The County argues that because section 5—803 does not (in contrast to section 4—503) explicitly require the owners' consent for soil surveys, these surveys are permissible. However, statutes delegating the power of eminent domain are to be strictly construed to protect the property rights of landowners. (*Village of Arlington Heights v. Gatzke* (1981), 101 Ill. App. 3d 885, 887; *Iowa State Highway Com. v. Hipp* (1966), 259 Iowa 1082, 1088, 147 N.W.2d 195, 198.) In contrast to section 4—503, section 5—803 does not explicitly grant the county power to undertake subsurface soil surveys at all; to read the grant of power to "mak[e] surveys" as enabling the county to make unconsented subsurface soil surveys would give the county a power of entry for construction of county highways that neither it nor the Department of Transportation has under a sister statute in connection with state highway construction. Also, section 4—503 was amended by Public Act 81—1248, effective January 1, 1981; previously it did not mention subsurface soil surveys, granting only the right to make "preliminary surveys." The legislature evidently did not believe that the power to make "preliminary surveys" embraced the power to make subsurface soil studies, which necessarily involve substantial and not merely incidental disruption and damage to the landowners' property. Therefore we will not construe section 5—803's grant of power to "make[e] surveys" to authorize subsurface soil and geological studies, at least in a case such as this where the landowner has not consented.

Furthermore, to construe the statute as the County urges would, as we note below in discussing the permissible scope of the order in this case, require us to declare section 5—803 unconstitutional as applied to a precondemnation proceeding. We therefore construe section 5—803 so as to save it from doubts as to its constitutionality. *Board of Commissioners v. County of Du Page* (1982), 107 Ill. App. 3d 409, 412-13.

Although the motion for prepleading discovery was made pursuant to Supreme Court Rule 214, we agree with the Owners that this provision is not applicable to circumvent any statutory limitation placed on the authority granted under the Illinois Highway Code. Supreme Court Rule 214 is a general discovery provision which enables a litigant to obtain "access to real estate for the purpose of making surface or subsurface inspections or surveys ***." Section 5—803 of the Illinois Highway Code deals specifically with the power of a prospective condemnor to enter and survey land before the institution of

condemnation proceedings. If, as we conclude from our analysis of the statute, the legislature did not wish to permit precondemnation subsurface soil surveys, it could not have intended that prospective condemnors be allowed to undertake such surveys by using the discovery procedures of Rule 214 as a subterfuge. Also, to interpret Rule 214 as authorizing precondemnation subsurface soil surveys would raise the same constitutional problems as would arise with a similar interpretation of the statute.

■ We reject, however, the Owners' challenge to the validity of the order other than to the part dealing with the subsurface boring and sampling. They argue that not even preliminary surveys or appraisals may be undertaken without the landlord's consent unless a condemnation proceeding has first been instituted. We cannot agree.

While there appears to be no particular precedent in Illinois, section 5—803 of the Illinois Highway Code appears typical of statutory provisions allowing bodies with the power of eminent domain to enter the land of others, before the institution of condemnation proceedings, in order to make preliminary surveys or explorations of the land. The basic purpose of such statute is to enable the prospective condemnor to determine whether and how much of the land is suitable for eventual condemnation and thus to facilitate an intelligent, economical condemnation decision. *Indiana & Michigan Electric Co. v. Stevenson* (1977), 173 Ind. App. 329, 334, 363 N.E.2d 1254, 1259; *County of San Luis Obispo v. Ranchita Cattle Co.* (Cal. App. 1971), 94 Cal. Rptr. 73, 76-77. See generally Annot., 29 A.L.R.3d 1104 (1970).

There is no language in section 5—803 which can be reasonably read to require the prospective condemnor to institute condemnation proceedings before entering the land of others for preliminary surveys or appraisals. The section itself states that its purpose is in part to facilitate the "determination of the amount of property necessary to be taken or damaged." Given the purpose of the statute to facilitate a decision on whether to condemn it would not be logical to require that the plaintiff institute condemnation proceedings before making a preliminary minimally intrusive entry.

Moreover, although the question does not appear to have been addressed in Illinois, courts in a vast majority of jurisdictions have held that a prior condemnation suit is not a prerequisite to an entry on the lands of another for preliminary exploration and survey purposes. These courts have recognized a basic conceptual difference between a preliminary entry and a constitutionally compensable taking or damaging of property and have held that because the former is not a variety of the latter, it does not require adherence to condemnation proce-

dures or constitutional provisions for just compensation. See *Orange Water & Sewer Authority v. Estate of Armstrong* (1977), 34 N.C. App. 162, 163, 237 S.E.2d 486, 487; *County of San Luis Obispo v. Ranchita Cattle Co.* (Cal. App. 1971), 94 Cal. Rptr. 73; *Litchfield v. Bond* (1906), 186 N.Y. 66, 76-77, 78 N.E. 719, 723; *Town of Carlisle v. Department of Public Utilities* (1968), 353 Mass. 722, 234 N.E.2d 752.[2]

■ Constitutional restrictions on taking and damaging without just compensation (U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, sec. 15); however, limit the permissible scope of an order authorizing entry for preliminary survey and appraisal purposes. A taking may not be allowed under the guise of a preliminary survey; the right of entry does not include the right to make permanent appropriation or cause more than minimal or incidental damage to property; and the entering party is free of liability "only to the extent that the entry or occupation is temporary, or the infliction of damage is incidental and incipient or preliminary." (*Litchfield v. Bond* (1906), 186 N.Y. 66, 78, 78 N.E. 719, 723.) Permissible entry "cannot amount to other than

---

[2]Most other jurisdictions have also held that a preliminary entry for survey purposes is not an exercise of the power of eminent domain, but rather a mere temporary intrusion not substantially interfering with the owner's property rights or beneficial enjoyment of the land, and that a party statutorily authorized to make such an entry need not file preliminary condemnation proceedings. Such has been held or approved in *dictum* by Federal courts. (*Bonaparte v. Camden & A.R. Co.* (D.N.J. 1830), 3 F. Cas. 821 (No. 1,617); *Kincaid v. United States* (W.D. La. 1929), 35 F.2d 235, *later trial* (W.D. La. 1929), 37 F.2d 602, *aff'd* (5th Cir. 1931), 49 F.2d 768, *rev'd on other grounds sub nom. Hurley v. Kincaid* (1932), 285 U.S. 95, 76 L. Ed. 637, 52 S. Ct. 267) and courts in Alabama (*Dancy v. Alabama Power Co.* (1916), 198 Ala. 504, 73 So. 901); Colorado (*McClain v. People* (1886), 9 Colo. 190, 194, 11 P. 85, 87); Georgia (*Chambers v. Cincinnati & Georgia R.R.* (1882), 69 Ga. 320); Indiana (*Indiana & Michigan Electric Co. v. Stevenson* (1977), 173 Ind. App. 329, 363 N.E.2d 1254); Kentucky (*Thomas v. City of Horse Cave* (1933), 249 Ky. 713, 61 S.W.2d 601); Maine (*Cushman v. Smith* (1852), 34 Me. 247); Maryland (*Steuart v. Mayor of Baltimore* (1855), 7 Md. 500; *LaFontaine's Heirs at Law v. LaFontaine's Heirs at Law* (1953), 205 Md. 311, 107 A.2d 653); Mississippi (*Wood v. Mississippi Power Co.* (1962), 245 Miss. 103, 146 So. 2d 546); Missouri (*Walther v. Warner* (1857), 25 Mo. 277, *aff'd* (1858), 26 Mo. 143); New Hampshire (*Orr v. Quimby* (1874), 54 N.H. 590); New Jersey (*State v. Seymour* (1871), 35 N.J.L. 47); New York (*Litchfield v. Bond* (1906), 186 N.Y. 66, 78 N.E. 719; *King v. Power Authority* (1973), 76 Misc. 2d 725, 351 N.Y.S.2d 493); Ohio (*Ward v. Toledo, Norwalk & Cleveland R.R. Co.* (1853), 1 Ohio Dec. Reprint 553); Oregon (*Oregonian Ry. Co. v. Hill* (1881), 9 Or. 377); Texas (*Lewis v. Texas Power & Light Co.* (Tex. Cir. App. 1955), 276 S.W.2d 950); and Wisconsin (*Lyon v. Green Bay & Minnesota Ry. Co.* (1877), 42 Wis. 538, *rev'd on other grounds* (1877), 42 Wis. 548.) See also Annot., 29 A.L.R.3d 1104 (1970); 2 Nichols, Eminent Domain sec. 6.11 (3d ed. 1982).

such innocuous entry and superficial examination as would suffice for the making of surveys or maps and as would not in the nature of things seriously impinge upon or impair the rights of the owner to the use and enjoyment of his property." (*Jacobsen v. Superior Court* (1923), 192 Cal. 319, 329, 219 P. 986, 991.) Thus the County may enter the property, appraise the premises, and place stakes on the property as specified. (See *Onorato Brothers, Inc. v. Massachusetts Turnpike Authority* (1957), 336 Mass. 54, 142 N.E.2d 389; *Mackie v. Mayor of Town of Elkton* (1972), 265 Md. 410, 419, 290 A.2d 500, 505; *Indiana & Michigan Electric Co. v. Stevenson* (1977), 173 Ind. App. 329, 363 N.E.2d 1254.) The order ought not be read, however, as authorizing any cutting of trees or damage to crops, except insofar as these are unavoidable incidents (for which the county must pay damages) of permissible preliminary surveying. *Indiana & Michigan Electric Co. v. Stevenson* (1977), 173 Ind. App. 329, 335, 363 N.E.2d 1254, 1260; *Dancy v. Alabama Power Co.* (1916), 198 Ala. 504, 507, 73 So. 901, 902-03; *Litchfield v. Bond* (1906), 186 N.Y. 66, 79, 78 N.E. 719, 723-24.

Similarly the part of the order authorizing soil borings and a geologic study without the landowners' consent or a prior condemnation proceeding would be invalid even if statutorily authorized. Such drilling and excavation, even where subsequent backfilling has been required, has been properly recognized as a substantial interference with the landowners' property rights rather than a minimally intrusive preliminary survey causing only incidental damage. (*Jacobsen v. Superior Court* (1923), 192 Cal. 319, 325, 219 P. 986, 989-91; *County of San Luis Obispo v. Ranchita Cattle Co.* (Cal. App. 1971), 94 Cal. Rptr. 73, 76; *Mackie v. Mayor of Town of Elkton* (1972), 265 Md. 410, 413, 419-22, 290 A.2d 500, 502, 505-06.) Rather than hold that such drilling and surveying is authorized under a statute which we would then have to invalidate, we decline to read the power to make the contemplated soil and geologic survey into section 5—803's grant of power to "mak[e] surveys." See *Mackie v. Mayor of Town of Elkton* (1972), 265 Md. 410, 419-22, 290 A.2d 500, 505-06.

■■ The Owners have also raised a bare reference in their amended motion to dismiss the complaint and in their brief and argument to the fourth amendment of the United States Constitution and article I, section 6 of the Illinois Constitution, asserting without any argument or authority that the preliminary entry sought by the County is prohibited by these provisions unless the County first files a condemnation suit. We are unable to determine whether these questions are different from those we have discussed relative to the prohi-

bition of the taking without just compensation. A bare contention in a brief unsupported by any further argument or citation of authority fails to raise or preserve an issue for appellate review. (*Village of Roxana v. Costanzo* (1968), 41 Ill. 2d 423, 426; 73 Ill. 2d R. 341(e)(7).) We conclude that these issues have been waived.

That part of the trial court's order which allows subsoil surveys without the Owners' consent is vacated. The balance of the order is affirmed insofar as it authorizes preliminary entry onto the Owners' land for minimally intrusive surveys and appraisals consistent with the views expressed in this opinion.

Vacated in part and affirmed in part.

LINDBERG and HOPF, JJ., concur.