### 40571. FULTON FINANCIAL CORPORATION et al. v. OGLETHORPE POWER CORPORATION.

BELL, Justice.

Judgment affirmed without opinion pursuant to Rule 59 (Code Ann. § 24-4559).

*All the Justices concur, except Hill, C. J., Clarke and Gregory, JJ., who dissent.*

DECIDED FEBRUARY 9, 1984.

*Hansell & Post, John G. Parker, Morris & Manning, David W. Porter, Lee, Lynch & Lamb, George E. Lee,* for appellants.

*Harvey, Willard, Elliott & Olsen, Wendell K. Willard, William L. Meck II,* for appellee.

*King & Spalding, Charles H. Tisdale, Jr., Robert D. Boyd, Troutman, Sanders, Lockerman & Ashmore, Donald W. Janney, J. Kirk Quillian,* amici curiae.

CLARKE, Justice, dissenting.

This case raises the issue of whether a party possessing the right of eminent domain is entitled to a court order granting a right of entry upon private property prior to the payment of compensation for such a right. The trial court, acting upon an action filed by Oglethorpe Power Corporation, granted to Oglethorpe the right to enter upon the lands of appellants, without compensation, for the purpose of conducting inspections and surveys prior to actual condemnation of the property for public purpose. The majority affirms without opinion, but I do not find myself in agreement with this position and would have reversed with directions.

This is a case which requires adherence to the constitutional guarantee that private property not be taken or damaged without just and adequate compensation being first paid. At the same time, the application of common sense principles would allow public improvements to go forward without unnecessary delay. The balancing of the competing interests of progress and private property rights is not difficult in this case. Private property may not be

constitutionally taken or damaged for public purposes without just and adequate compensation being first paid. Ga. Const. 1983, Art. I, Sec. III, Par. I (Code Ann. § 2-301). We have interpreted this to mean that a condemnor may not substantially interfere with the elemental rights arising from ownership of private property without first paying just and adequate compensation. *Woodside v. City of Atlanta,* 214 Ga. 75 (103 SE2d 108) (1958). I would not hold that the mere entry upon a tract of land for the purposes of inspection and survey amounts to a substantial interference with the elemental rights growing out of ownership; however, if the contemplated entry is of such a nature as to cause the property to undergo actual damage, then compensation for such damage must be first paid. I would impose upon the party possessing the right of eminent domain the duty of alleging in its action for right of entry whether actual damage or taking is contemplated by the right of entry. If there is such a contemplation, the party seeking the right of entry should then be under a duty to condemn the right in accordance with procedures provided by law.

I am authorized to state that Chief Justice Hill and Justice Gregory join in this dissent.