41162. OGLETHORPE POWER CORPORATION v. GOSS et al.

(322 SE2d 887)

BELL, Justice.

Oglethorpe Power Corporation is incorporated under the Georgia Electric Membership Corporation Act, see OCGA Ch. 46-3, Art. 4, for the purposes of, inter alia, providing electric energy and service to its members and others. Pursuant to OCGA § 46-3-201 (b) (9), Oglethorpe Power was granted the power of eminent domain in order to enable it to effectuate its corporate purposes. In accordance with its corporate purposes and statutory powers, Oglethorpe Power's Board of Directors adopted a resolution on February 14, 1983 stating that it had determined the necessity for the construction of a 115,000 volt electric transmission line in White County, Georgia, to begin at its Tullulah Lodge station and to end 18 miles west at a substation to be constructed near Helen, Georgia. The Board also directed and authorized the acquisition of rights-of-way for the construction of that transmission line. Oglethorpe Power subsequently determined that some portion of the property of 75 private landowners might need to be taken or damaged by the project, and it attempted to gain entry to those properties to conduct field inspections and surveys in order to determine what portions of the properties would be suitable for the project. Approximately 65 of these landowners permitted Oglethorpe Power to enter their lands; however, the appellees denied Oglethorpe Power entrance. Oglethorpe Power then filed this action seeking a court order to permit it to enter the subject properties to conduct appropriate inspections, surveys, and appraisals. It alleged that if it were allowed to enter the properties, it would amend its petition once its preliminary work was completed to show what portions of the properties it thought necessary to take or damage in connection with the project, and then pursue a final disposition of the case under the Special Master Act, see OCGA Ch. 22-2.

The appellees countered by moving the trial court to temporarily and permanently enjoin Oglethorpe Power from entering their properties. After a hearing, the trial court granted the permanent injunctive relief requested by the appellees on the ground that no public necessity existed for the placement of the proposed transmission line in the area chosen by Oglethorpe Power. Oglethorpe Power appeals, contending that the trial court erred in denying its motion to enter the subject properties for the purpose of surveying, inspecting, and appraising them, and in issuing a permanent injunction barring it from entering those properties. We agree, and reverse with direction.

1. Either by express statutory grant or, as here, by implication, a condemning body such as Oglethorpe Power has the right, incidental to its power of eminent domain, to enter private property in order to survey, inspect, and appraise the property. See 2 Nichols on Eminent

Domain, § 6.02 (3rd ed. 1983); *Fulton Financial Corp. v. Oglethorpe Power Corp.*, 252 Ga. 116 (313 SE2d 487) (1984); *Chambers v. Cincinnati & Ga. R.*, 69 Ga. 320, 322 (1882); *Young v. Harrison*, 6 Ga. 130, 150 (1849); Hicks v. Texas Municipal Power Agency, 548 SW2d 949 (6,7) (Tex. Civ. App. 1977); State ex rel Rhodes v. Crouch, 621 SW2d 47, 48 (Mo. 1981). The purpose of such a right is to enable the prospective condemnor to determine whether the public needs require that the property or a part thereof be taken, and, if so, what the proper location of the project should be with respect to the property, *Chambers v. Cincinnati & Ga. R.*, supra, 69 Ga. at 322; County of Kane v. Elmhurst Nat. Bank, 443 NE2d 1149, 1153 (Ill. App. 1982), and "thus to facilitate an intelligent, economical condemnation [proceeding]." County of Kane v. Elmhurst Nat. Bank, supra, 443 NE2d at 1153.

2. Having decided that a prospective condemnor has a right of entry in order to make preliminary surveys and inspections, we must now decide the related issue of whether a prospective condemnor must, as a prerequisite to such an entry on the lands of another, institute condemnation proceedings and pay just compensation for any damages that might occur from the exercise of that right.

In *Fulton Financial Corp. v. Oglethorpe Power Corp.*, supra, 252 Ga. at 116-117, by affirming the trial court's judgment, we implicitly approved the principle that a prospective condemnor does not have to institute condemnation proceedings and pay damages before exercising this right of entry. See also *Chambers v. Cincinnati & Ga. R.*, supra, 69 Ga. at 322; *Young v. Harrison*, 6 Ga. 130, 150 (1849); *Mims v. Macon & Western R. Co.*, 3 Ga. 333, 338 (1847). It appears that courts in a vast majority of jurisdictions agree with this principle. "These courts have recognized a basic conceptual difference between a preliminary entry and a constitutionally compensable taking or damaging of property and have held that because the former is not a variety of the latter, it does not require adherence to condemnation procedures or constitutional provisions for just compensation. See Orange Water and Sewer v. Estate of Armstrong, 34 N.C. App. 162, 237 SE2d 486, 487 (1977); County of San Luis Obispo v. Ranchita Cattle Company, 16 Cal. App. 3d 383, 94 Cal. Rptr. 73 (1971); Litchfield v. Bond, 186 N.Y. 66, 78 N.E. 719, 732 (1906); Town of Carlisle v. Department of Public Utilities, 353 Mass. 722, 234 N.E. 2d 752 (1968)." County of Kane v. Elmhurst Nat. Bank, supra, 443 NE2d at 1153. Accord State Waste Management Bd. v. Bruesehoff, 343 NW2d 292 (4) (Minn. App. 1984); Indiana &c. Electric Co. v. Stevenson, 363 NE2d 1254 (2,3) (Ind. App. 1977); Jacobsen v. Superior Court, 219 P 986 (3,4) (Cal. 1923); Dancy v. Alabama Power Co., 73 S 901 (3-5) (Ala. 1916).

Moreover, since the purpose of the right of entry is to facilitate a

decision on whether and how much of the subject property to condemn, it would be illogical to require the prospective condemnor to institute condemnation proceedings and pay compensation "before making a preliminary minimally intrusive entry." County of Kane v. Elmhurst Nat. Bank, supra, 443 NE2d at 1153. If such a requirement is imposed, and if the condemnor ultimately takes the property surveyed, then two hearings on the issue of compensation will have been conducted, when one, deciding both the compensation due for the taking and for any damages resulting from the entry, would adequately protect the landowner's interest. In addition to being judicially inefficient, the procedure espoused by the appellees would also be impractical, because the extent of the preliminary inspections and surveys, and thus the extent of the damages, if any, would be difficult to ascertain until the prospective condemnor entered the property and began its work.

Thus, we hold that a prospective condemnor is not required to adhere to condemnation procedures and constitutional provisions for compensation before making a preliminary entry, although it is, as Oglethorpe Power has acknowledged, responsible for all damages which occur during its preliminary entry, see County of Kane v. Elmhurst Nat. Bank, supra, 443 NE2d at 1154; 2 Nichols on Eminent Domain, supra, § 6.02; County of San Luis Obispo v. Ranchita Cattle Co., supra, 94 Cal. Rptr. 73 (3, 4) (Cal. App. 1971).

3. The permissible scope of an entry for preliminary survey, inspection and appraisal is, however, necessarily limited by the constitutional restrictions on the taking and damaging of property without just compensation. 1983 Ga. Const., Art. I, Sec. III, Par. I; County of Kane v. Elmhurst Nat. Bank, supra, 443 NE2d at 1153-1154; State Waste Management Bd. v. Bruesehoff, supra, 343 NW2d at 296, Jacobsen v. Superior Court, supra, 219 P at 980-981; Dancy v. Alabama Power Co., supra, 73 S at 902. "A taking may not be allowed under the guise of a preliminary survey; the right of entry does not include the right to make permanent appropriation or cause more than minimal or incidental damage to property; . . . . Permissible entry 'cannot amount to other than such innocuous entry and . . . examination as would suffice for the making of surveys or maps [or other similar purposes] and as would not . . . seriously impinge upon or impair the rights of the owner to the use and enjoyment of his property . . . .' " County of Kane v. Elmhurst Nat. Bank, supra, 443 NE2d at 1153-1154 (citing Jacobsen v. Superior Court, supra, 219 P 986, 991 (1923)).

In the instant case Oglethorpe Power moved to be allowed to exercise its right of entry for the purposes of conducting preliminary surveys, inspections, and appraisals of the subject properties, so as to enable it to determine the centerline for the necessary rights-of-way, to finish its Borrower's Environmental Report for the Rural Electric

Administration, and to bring final condemnation proceedings. Because it had a right to do so, within the limits outlined above, without adhering to condemnation procedures and constitutional provisions for just compensation, the trial court erred in inquiring into the necessity of the transmission line and in permanently barring Oglethorpe Power from entering the subject premises. On remand the trial court is directed to consider Oglethorpe Power's motion to enter the subject properties in view of the principles outlined above. In this regard we note that surveyors for Oglethorpe Power testified that in order to conduct the necessary surveys some underbrush and trees in heavily wooded areas would have to be removed. For purposes of remand we note that any order authorizing the cutting of trees ought to do so only to the extent it is an unavoidable incident of permissible preliminary surveying. County of Kane v. Elmhurst Nat. Bank, supra, 443 NE2d at 1154; State Board of Waste Management v. Bruesehoff, supra, 343 NW2d at 296.

*Judgment reversed with direction. All the Justices concur, except Hill, C. J., who concurs in Division 1 and dissents to parts of Divisions 2 and 3 and the judgment, and Clarke, J., who concurs specially. Smith, J., not participating.*

DECIDED NOVEMBER 28, 1985 —
REHEARING DENIED DECEMBER 12, 1984.

*Stewart, Melvin & House, J. Douglas Stewart, John E. Girardeau, William L. Meck II,* for appellant.
*Stanley R. Lawson, Kenneth R. Keene,* for appellees.
*Arnold & Hopkins, Ross Arnold, Gary L Glancz, Troutman, Sanders, Lockerman & Ashmore, J. Kirk Quillian, Donald W. Janney, King & Spalding, Charles H. Tisdale, William S. Duffey, Jr., Edward T. Floyd, Hansell & Post, Albert G. Norman, Caryn R. May, William J. Bruckner, Kilpatrick & Cody, William B. Gunter, Laurie Fowler,* amici curiae.

HILL, Chief Justice, concurring in part and dissenting in part.

I join Division 1 of the majority opinion but dissent to parts of Divisions 2 and 3.

Article I, Sec. III, Par. I of our Constitution provides that private property shall not be "taken or *damaged*" without just and adequate compensation "being first paid."

I agree that a prospective condemnor is not required to institute a condemnation proceeding in order to make preliminary surveys and inspections (Division 2). However, in view of the fact that trees and underbrush will necessarily be cut to facilitate the surveys, in order to satisfy the constitutional requirement that private property not be

damaged without compensation being first paid, I would require the condemnor to estimate the damage to be caused by the preliminary entry and to pay such sum into court in advance of the order allowing entry. In this way, the property owners can be reasonably assured that they will be compensated for the actual damage to their property caused by the entry without the necessity of their filing suit for damages, particularly if the condemnor does not thereafter condemn the damaged property.

CLARKE, Justice, concurring specially.

I concur in the judgment, but I would adhere to the reasoning stated in my dissent in *Fulton Financial Corp. v. Oglethorpe Power Corp.*, 252 Ga. 116 (313 SE2d 487) (1984).