S92A1433. WALKER et al. v. CITY OF WARNER ROBINS.

(422 SE2d 555)

FLETCHER, Justice.

The City of Warner Robins sought a declaratory judgment that the city may enter private property to conduct a preliminary survey prior to filing a condemnation petition to acquire flood control facilities. The trial court granted the city's motion for summary judgment and enjoined the property owners from interfering with the survey. The property owners contend that the city does not possess the power of eminent domain for flood control, violated their due process right to notice, and breached the Open Meetings Law when deciding to initiate this action. We disagree and affirm.

1. Both the State Constitution and the municipal charter give the city the power of eminent domain for drainage and flood control. "The governing authority of each county and of each municipality may exercise the power of eminent domain for any public purpose." Ga. Const., Art. IX, Sec. II, Par. V (1983). As the property owners concede, obtaining easements on private property to remedy drainage problems and excessive flooding on public streets is a public purpose for a local government. The State Constitution enumerates providing "[s]torm water and sewage collection and disposal systems" as a supplementary power of a municipality. Art. IX, Sec. II, Par. III. In addition, the city charter grants Warner Robins authority to "acquire, construct and maintain, by condemnation or otherwise . . . sewers, drains, . . . and . . . flood control . . . areas and facilities, and any other public improvements." Ga. L. 1978, pp. 3081, 3082-3083. Thus, under the State Constitution and the city charter, the city possesses the authority to exercise eminent domain for the construction and maintenance of a flood control system and storm sewage system.

2. This court has held that a prospective condemning body "has the right, incidental to its power of eminent domain, to enter private property in order to survey, inspect, and appraise the property." *Oglethorpe Power Corp. v. Goss,* 253 Ga. 644 (322 SE2d 887) (1984). A city does not have to institute condemnation proceedings or compensate property owners as a prerequisite to entering their land to conduct a preliminary survey, although a city is responsible for all damages to the property that occurs during its entry. Id. at 645. In addition, Warner Robins did not have to send minutes to the affected property owners showing the city council voted to seek drainage easements. The city satisfied the due process requirements of notice and

an opportunity to be heard when it filed this declaratory judgment action after being denied entry to the private property.

3. The Open Meetings Law provides that any challenge to a city resolution based on a violation of the statute "must be commenced within 90 days of the date such contested action was taken." OCGA § 50-14-1 (b). The property owners did not allege a violation of the law until April 1992, more than 90 days after the city council's decision to seek condemnation. They argue, however, that the 90-day period was tolled due to the lack of adequate city council minutes. Assuming the period had tolled, their challenge would still be untimely because they waited more than 90 days after the filing of the declaratory judgment action before raising the issue.

*Judgment affirmed. Clarke, C. J., Bell, P. J., Hunt, Benham, Sears-Collins, JJ., and Judge Robert G. Walther, concur.*

DECIDED NOVEMBER 19, 1992.

*Lucas & Associates, Kenneth E. Lucas, Adams & Adams, Charles R. Adams, Jr., Williams & Sammons, George L. Williams, Jr.,* for appellants.

*Jones, Cork & Miller, Charles L. Ruffin, George H. Hartwig III, David H. Pope,* for appellee.