A00A1939. APONTE v. CITY OF COLUMBUS.
(540 SE2d 617)

MIKELL, Judge.

In a prior action concerning the real property at issue in this case, we held that the legislature had not endowed the Columbus Airport Commission with the authority to condemn property for airport purposes.[1] In so holding, however, we noted that Columbus, a consolidated city-county government, has the constitutional right to exercise the power of eminent domain.[2] Columbus then filed a declaratory judgment action against the owners, Antonio Lopez Aponte and Catherine E. Lopez, seeking access to the property in order to conduct a pre-condemnation survey and appraisal. Columbus had passed a resolution on July 30, 1996, declaring the need to condemn 21 trees on the subject property and to condemn an easement for avigation and noise in the airspace over it. The resolution reflected that the property had been surveyed and that $2,750 was the estimated just and adequate compensation.

Defendant Aponte was served on September 17, 1999. Ms. Lopez,

---

[1] *Lopez-Aponte v. Columbus Airport Comm.*, 221 Ga. App. 840, 842-843 (1) (473 SE2d 196) (1996).
[2] Id. at 843 (2); see also Ga. Const. 1983, Art. IX, Sec. II, Par. V.

a nonresident, was never served with process. Aponte served discovery requests upon Columbus five days later. On October 13, 1999, he filed an answer, demand for jury trial, counterclaim, motion for continuance, and motion to dismiss on the ground that Columbus failed to join an indispensable party. Columbus filed discovery responses on October 22, and a hearing was held on November 12.

At the hearing, the primary issue was the extent of the interference with Aponte's quiet enjoyment of his property necessary to complete the survey and appraisal. To that end, Columbus's appraiser testified that he would be required to spend no more than 45 minutes inside Aponte's home. The surveyor testified that he needed to spend no more than a day on the land, measuring the trees. Based on this testimony and argument of counsel, the trial court granted Columbus's petition. In so doing, the court dismissed Aponte's counterclaim and denied his motions to dismiss and for a continuance. Aponte filed an alternative motion for judgment notwithstanding the verdict or new trial. The motion was denied.

Aponte appealed to the Supreme Court, which transferred the appeal to this Court, citing *Oglethorpe Power Corp. v. Goss*.[3] Finding that case dispositive, we affirm.

1. Aponte contends that the trial court erred in granting a declaratory judgment to Columbus because no public necessity exists for Columbus's condemnation of an avigation easement over his land.

In *Goss*, the Supreme Court held that a prospective condemnor "has the right, incidental to its power of eminent domain, to enter private property in order to survey, inspect, and appraise the property."[4] The Court also held that a prospective condemnor does not have to institute condemnation proceedings or compensate owners as a prerequisite to entering their property to conduct a preliminary survey or appraisal, although the entity is responsible for any damages which may occur during the process.[5] Finally, the Court held that because the prospective condemnor had the right to enter the owner's property, the trial court erred in inquiring into the necessity of the purpose of the ultimate condemnation. Accordingly, the necessity for the contemplated taking was not a proper subject of inquiry in this case, and the trial court did not err in refusing to consider it. Under *Goss*, Columbus has the right to enter Aponte's property to conduct a survey and appraisal.

Aponte argues that *Goss* and *Walker v. City of Warner Robins* are distinguishable because in those cases, the prospective condemnors

---

[3] 253 Ga. 644 (322 SE2d 887) (1985); accord *Walker v. City of Warner Robins*, 262 Ga. 551 (422 SE2d 555) (1992).

[4] *Goss*, supra at 644 (1).

[5] Id.

needed to perform surveys in order to determine whether, and to what extent, to condemn the properties at issue. In the case sub judice, Aponte argues, Columbus has no legitimate right of access because in 1994, it surveyed his property, defined the trees needed for the easement, and set the amount of compensation for the anticipated taking. However, contrary to Aponte's argument, the surveyor testified that the information obtained six years earlier was stale. The trial court found that a survey and appraisal were necessary so that Columbus could accurately quantify the nature and extent of the potential acquisition and to determine adequate and just compensation. "In the absence of legal error, an appellate court is without jurisdiction to interfere with a judgment supported by some evidence."[6]

2. Aponte next contends that the trial court erred in dismissing his counterclaim. We disagree.

Aponte's counterclaim alleges that (1) Columbus is liable for abusive litigation damages because it failed to show legal necessity for an avigation easement; (2) Columbus has violated his constitutional rights by failing to seek rezoning of his property as a prerequisite to seeking condemnation; and (3) Columbus has conspired to deprive him of his rights, privileges, and immunity under 42 USC §§ 1983 and 1985 (3).

The counterclaim fails for several reasons. First, the counterclaim is premature because Columbus has not instituted condemnation proceedings.[7] Second, as we held in Division 1, supra, legal necessity for the prospective condemnation is not at issue. Columbus seeks only the right of entry to which *Goss* held a prospective condemnor is entitled. Third, even if this were a condemnation action, damages for alleged federal civil rights violations are not recoverable in a condemnation action brought under OCGA § 32-3-1 et seq.[8] A claim of bad faith may be asserted only defensively in a condemnation action.[9] Accordingly, the trial court did not err in dismissing Aponte's counterclaim.

3. Appellant next complains that the court denied him a thorough and sifting cross-examination of the appraiser and surveyor. We disagree. The trial court properly limited Aponte's cross-examination to the issue of the extent of the intrusion upon Aponte's quiet enjoyment of his property that would be occasioned by the survey and

---

[6] (Citations and punctuation omitted.) *Progressive Preferred Ins. Co. v. Aguilera*, 243 Ga. App. 442, 446 (2) (533 SE2d 448) (2000).

[7] See *Fountain v. MARTA*, 147 Ga. App. 465, 466 (1) (249 SE2d 296) (1978).

[8] *Brooks v. Dept. of Transp.*, 254 Ga. 60, 62 (3) (327 SE2d 175) (1985); see also *Dept. of Transp. v. Fina Oil &c. Co.*, 194 Ga. App. 185 (390 SE2d 99) (1990).

[9] *Brooks*, supra.

appraisal. "The scope of cross examination . . . is largely within the discretion of the trial judge. After examining the parts of the record cited by [Aponte] in this regard, we find no abuse of discretion by the trial court in limiting cross examination."[10]

4. We also conclude that the trial court did not err in declining to grant Aponte's request for a jury trial. "The right to a jury trial in a declaratory judgment action arises only if there is an issue of fact which requires submission to a jury and jury trial has not been waived. OCGA §§ 9-4-5; 9-4-6."[11] Pretermitting whether Aponte waived his demand for trial by jury by failing to reassert it at the hearing,[12] Aponte set forth no disputed facts, either at trial or on appeal, which required submission to a jury. Indeed, at the hearing, the judge asked defense counsel to explain any facts which were in dispute, but counsel declined to do so. Moreover, the trial court stated that it accepted defense counsel's version of the facts as true and based its decision on those facts. The trial court merely declined to accept the conclusions defense counsel drew from the facts. Accordingly, this enumeration is meritless.

5. Aponte's contention that he was denied his constitutional right to procedural due process is likewise without merit.

> "The due-process clause . . . (does) not guarantee to the citizen of the State any particular form or method of State procedure. Its requirements are satisfied if he has reasonable notice and opportunity to be heard, and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it. . . . Due process requires no more."[13]

A declaratory judgment action is intended "to afford a speedy and inexpensive method of adjudicating legal disputes."[14] Thus, it "may be tried at any time designated by the court not earlier than 20 days after the service thereof, unless the parties consent in writing to an earlier trial."[15] Here, nearly two months elapsed between service upon Aponte (September 17) and the date of the hearing (November

---

[10] (Citation and punctuation omitted.) *Fountain*, supra at 468 (4).

[11] (Citation and punctuation omitted.) *Adams v. City of Ila*, 221 Ga. App. 372 (1) (471 SE2d 310) (1996).

[12] See, e.g., *Matthews v. Matthews*, 268 Ga. 863, 864 (2) (494 SE2d 325) (1998); accord *Plaza Properties v. Prime Business Investments*, 240 Ga. App. 639, 640 (1) (524 SE2d 306) (1999).

[13] *Dept. of Transp. v. Del-Cook Timber Co.*, 248 Ga. 734, 739 (4) (a) (285 SE2d 913) (1982).

[14] (Punctuation omitted.) *James B. Beam Distilling Co. v. State*, 263 Ga. 609, 613 (5) (437 SE2d 782) (1993), quoting *Clein v. Kaplan*, 201 Ga. 396, 404 (40 SE2d 133) (1946).

[15] OCGA § 9-4-5.

12). Accordingly, Aponte had reasonable notice.

Moreover, the transcript reflects that the trial court provided Aponte ample opportunity to be heard. Judgment was not granted sua sponte, contrary to Aponte's contention.[16] The court heard argument of counsel prior to determining whether a right of entry existed. The court then called the appraiser and surveyor as its own witnesses, permitting defense counsel to explore the issue of the intrusiveness of the process.

We next consider Aponte's argument that the trial court precluded him from presenting evidence at the hearing. The record shows that Aponte wished to proceed to trial on the issue of the necessity of the taking. As this was not a proper subject of inquiry, see Division 1, supra, Aponte was not entitled to pursue it. Moreover, the record does not show that counsel made a proffer of any evidence or testimony which the trial judge allegedly excluded. Accordingly, Aponte has failed to show error affirmatively by the record.[17]

6. Aponte next complains that the trial court erred in failing to grant him a continuance to depose the appraiser and surveyor.

> The grant or denial of a continuance is a matter within the discretion of the trial judge and unless clearly abused will not be interfered with. . . . A continuance is not required . . . to permit fishing expeditions. . . . Rather the movant must satisfy the court that if given a continuance beneficial objectives of pretrial discovery will be achieved.[18]

Aponte has failed to articulate any benefit he might have derived from deposing Columbus's experts. Neither can Aponte demonstrate prejudice or unfair surprise based on their trial testimony. Finally, we note that although the hearing was initially set for October 24, 1999, it was not held until November 12, and Aponte filed no notice of deposition in the interim. Accordingly, Aponte is precluded from claiming that he had insufficient opportunity to depose these witnesses. The trial court did not abuse its discretion in declining to grant a continuance.

7. Finally, Aponte contends the trial court erred in denying his motion to dismiss this action based on Columbus's failure to join Lopez, who also holds an interest in the real property at issue, as an

---

[16] Compare *Smith v. Ticor Title Ins. Co. &c.*, 200 Ga. App. 534, 535 (1) (408 SE2d 833) (1991).

[17] *Zone Enterprises v. George L. Smith II Ga. &c. Auth.*, 234 Ga. App. 238 (506 SE2d 424) (1998).

[18] (Citation and punctuation omitted.) *Summers v. Deutsche Seereederei Rostok GmbH*, 220 Ga. App. 125, 126-127 (2) (469 SE2d 289) (1996), citing *Gray v. Gober*, 185 Ga. App. 624, 627-628 (365 SE2d 279) (1988).

indispensable party defendant.

Joinder is mandatory pursuant to OCGA § 9-11-19 (a) (2) only if the disposition of the action in the absence of the interested party "may . . . [a]s a practical matter impair or impede [her] ability to protect [her] interest." Additionally, "[i]n determining if a party is indispensable, it is essential to consider whether relief can be afforded the plaintiff without the presence of the other party, and whether the case can be decided on its merits without prejudicing the rights of the other party. . . ."[19]

Lopez's participation is not required to grant Columbus the relief sought — a right of entry to the property to perform a survey and appraisal. Lopez resides outside Georgia, as a failed attempt at personal service indicates. Aponte owns an undivided interest in the whole property and is the sole occupant. A judgment granting Columbus access to the property to perform a survey and appraisal affects only the person in possession. As there is no evidence of Lopez's possession of the premises, there can be no interference with her quiet enjoyment therein that could be affected by this judgment. In any event, we fail to see how Lopez's absence harmed Aponte. Therefore, we hold that Lopez is not an indispensable party to this proceeding.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED OCTOBER 6, 2000 —
RECONSIDERATION DENIED NOVEMBER 3, 2000 — 

*James D. Patrick, Jr.*, for appellant.
*Jacob Beil*, for appellee.

---

[19] *Hall v. Trubey*, 269 Ga. 197, 200 (2) (498 SE2d 258) (1998).