A03A0690. BEARDEN et al. v. GEORGIA POWER COMPANY.
(586 SE2d 10)

MIKELL, Judge.

Georgia Power Company filed a petition for declaratory judgment and injunctive relief against several Dawson County property owners, including appellants Barry E. Bearden, Linda P. Bearden, William R. Green, James A. Green, III, Ann Green Moseley, Susan Richards, Wanda Stephens, and Don Stephens (the "Property Owners"). Georgia Power asked the trial court to declare that Georgia Power had the right to enter the Property Owners' land to perform surveys, inspections, and appraisals in connection with the design and construction of an electrical transmission line. After hearing evidence, the trial court entered a declaratory judgment for Georgia Power and an injunction against the Property Owners. The Property Owners appeal, and, for the reasons set forth below, we affirm.

The record shows that Georgia Power planned to construct an electrical transmission line in Dawson County. The projected path of the line passed through the property of approximately 35 landowners. Georgia Power needed preliminary access to the landowners' property in order to conduct a survey and stake out the route for the line. Georgia Power asked for and received permission to conduct a

---

survey from 30 landowners. The Property Owners, however, declined to give Georgia Power permission to enter their respective properties. In each case, the refusal was expressly communicated to a Georgia Power agent.

"[T]he appellate standard of review for nonjury trials of disputed material facts is the clearly erroneous test, also known as the 'any evidence' rule."[1] However, the "plain legal error standard of review applies, where the appellate court determines that the issue was of law, not fact, that there was no factual dispute, or that there was no discretion."[2]

As determined by our Supreme Court in *Oglethorpe Power Corp. v. Goss*,[3] "a condemning body . . . has the right, incidental to its power of eminent domain, to enter private property in order to survey, inspect, and appraise the property."[4] The prospective condemnor need not begin condemnation procedures before making a preliminary entry.[5] But the entry is "necessarily limited by the constitutional restrictions on the taking and damaging of property without just compensation."[6]

1. Both the Property Owners and Georgia Power agree that *Goss* establishes Georgia Power's right to enter the Property Owners' land for purposes of conducting an initial survey and appraisal. However, the Property Owners contend that they were not required to give Georgia Power an unrestricted right to enter their respective properties to perform surveys; that they never refused Georgia Power's rights under *Goss*; and, accordingly, there was no justiciable controversy authorizing a declaratory judgment. Georgia Power responds that while it did have a right to enter the Property Owners' land for purposes of conducting a survey, Georgia Power wanted prior consent for the proposed surveys in order to avoid a possible breach of the peace when its surveyors entered the land of the otherwise unsuspecting landowners. When the Property Owners expressly refused to consent, Georgia Power maintains, this created an actual risk of confrontation which justified its seeking and obtaining a declaratory judgment and injunction allowing entry onto the property. We agree that relief by declaratory judgment was available to Georgia Power.

---

[1] *Progressive Preferred Ins. Co. v. Aguilera*, 243 Ga. App. 442, 445 (2) (533 SE2d 448) (2000).

[2] *Glover v. Ware*, 236 Ga. App. 40, 45 (3) (510 SE2d 895) (1999).

[3] 253 Ga. 644 (322 SE2d 887) (1984).

[4] Id. at 644 (1).

[5] Id. at 646 (2).

[6] Id. at 646 (3).

The Declaratory Judgment Act is intended to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.[7]

OCGA § 9-4-2 (a) provides for relief by declaratory judgment in cases of actual controversy. OCGA § 9-4-2 (b) provides that, in addition, the superior courts have the power to declare rights and other legal relations "in any civil case in which it appears to the court that the ends of justice require that the declaration should be made."

In *Aponte v. City of Columbus*,[8] we affirmed a trial court's declaratory judgment allowing a condemning authority access to a defendant's property to conduct a pre-condemnation survey under the authority of *Goss*. Declaratory judgment is even more appropriate here because the Property Owners expressly refused to allow Georgia Power to enter their respective properties for the purpose of conducting a survey for the transmission line project. Even if Georgia Power did have a right of entry for that purpose, Georgia Power's entry onto the property against the express wishes of the owners presented an actual risk of a "breach of the peace and injury to persons and property"[9] which could be alleviated by the entry of a declaratory judgment. The trial court did not err in concluding that declaratory relief was available to Georgia Power.

2. The Property Owners claim that the trial court erred in ruling that Georgia Power's proposed use of all-terrain vehicles during the proposed surveys does not necessarily violate the limitations imposed by *Goss*. The trial court's order does not address the use of all-terrain vehicles. However, during the hearing, the trial court commented that

[i]f [Georgia Power] can do what *Goss* allows them to do and incidentally run an all-terrain vehicle on [the Property Owners' land] then *Goss* would allow them to do that. What they can't do is use the all-terrain vehicle or an axe or anything else, chainsaw or anything else that would do more than *Goss* says that [Georgia Power] can do.

In context, the trial court was simply instructing the parties that Georgia Power must act in accordance with the *Goss* decision. *Goss* does not expressly prohibit the use of all-terrain vehicles by the surveying party. The trial court did not authorize the use of all-terrain

---

[7] (Punctuation and footnote omitted.) *Burton v. Composite State Bd. of Med. Examiners*, 245 Ga. App. 587, 588 (538 SE2d 501) (2000).

[8] 246 Ga. App. 646 (540 SE2d 617) (2000).

[9] *Continental Oil Co. &c. v. Sutton*, 126 Ga. App. 78, 80 (1) (189 SE2d 925) (1972).

vehicles in a manner which would cause damage to property beyond damage which is an unavoidable incident of a preliminary survey. We find no error.

3. The Property Owners claim that the trial court erred by issuing an unduly vague and nonspecific injunction against the defendants. We disagree.

OCGA § 9-11-65 (d) provides: "[e]very order granting an injunction and every restraining order shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." The trial court's order provides, in pertinent part, that

> [Georgia Power] has the right to enter the [Property Owners'] properties and perform surveys, inspections, and appraisals as provided by law and with the limitations by law imposed on [Georgia Power]. Further, the [Property Owners] are enjoined from denying or interfering with [Georgia Power's] rights to survey, inspect, and appraise, and the [Property Owners] are enjoined from disturbing any survey markers placed on the property by [Georgia Power].

As support for their argument that the injunction is vague, the Property Owners refer us to *Ward v. Process Control Corp.*,[10] in which our Supreme Court held that an injunction against disclosing any of the plaintiff's "trade secrets" was not sufficiently specific and that at least a general description of the trade secret subject to the injunction was required. Here, the subject matter is identified as the real property of the Property Owners. The subject matter is specific. The Property Owners may not interfere with Georgia Power's right to survey, inspect, and appraise that property. We find this is a reasonably detailed description of the enjoined acts. The Property Owners complain that it is unclear what the extent of Georgia Power's rights may be. But the statutory requirement is not that the injunction be so detailed as to cover every possible development, but that it be in "reasonable" detail. The acts of surveying, inspecting, and appraising property are sufficiently detailed that the Property Owners are reasonably apprised of the acts they may not interfere with. We conclude that the injunction complies with the statutory requirements.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

---

[10] 247 Ga. 583, 584 (3) (277 SE2d 671) (1981). See also *Thomas v. Fairburn Banking Co.*, 244 Ga. 741 (262 SE2d 58) (1979) (injunction not specific because it failed to list assets defendants were enjoined from disposing); *Sanford v. RDA Consultants*, 244 Ga. App. 308, 312 (3) (b) (535 SE2d 321) (2000) (injunction issued by the trial court prohibiting defendant from using or disclosing any of the plaintiff's "proprietary materials" lacked sufficient detail).

DECIDED JUNE 26, 2003 —
RECONSIDERATION DENIED JULY 29, 2003 —

*George E. Butler II,* for appellants.
*Smith, Gilliam, Williams & Miles, John H. Smith, Matthew T. Smith,* for appellee.