James H. Boomer, J.
The New York State Environmental Facilities Corporation contracted with the City of Rochester to furnish to the city a study and plan for a solid waste disposal facility. The contract called for the making of soil borings to determine the suitability of proposed sites for sanitary landfills. In carrying out this contract, the corporation, through its representatives, sought to make soil borings upon two pieces of *300 property, one owned by the defendants Charles and Evelyn Young in the Town of Pittsford and the other owned by the defendant Bero Construction Corporation in the Town of Ogden, but the defendants Young prevented the corporation’s representatives from entering upon the Young property and the defendant Bero Construction Corporation refused permission for entry upon its property. The corporation then began this injunction action to restrain the defendants from taking any steps to prevent the corporation or its representatives from taking soil borings upon the defendants’ properties.
This motion is for a preliminary injunction pending the final determination of the action. The defendants Young oppose the motion. They question the right of the corporation to enter upon its property and they seek a dismissal of the motion on the ground that a tenant, now occupying their property, has not been made a party to this action. ■
The corporation has a clear statutory right to enter upon the defendants’ lands to make the soil borings it seeks. Subdivision 10 of section 1284 of the Public Authorities Law provides that the corporation shall have the power 1 ‘ to enter upon such lands, waters, or premises as in the judgment of the corporation may be necessary, convenient or desirable for the purpose of making surveys, soundings, borings and examinations to accomplish any purpose authorized by this title [tit. 12 of art. 5], the corporation being liable for actual damage done ’ ’. And the purposes authorized by title 12 include the planning, and the assistance of municipalities in the planning, of solid waste disposal facilities (Public Authorities Law, § 1283, subd. 1).
The defendants Young, however, contend that subdivision 10 of section 1284 of the Public Authorities Law is unconstitutional. I disagree. “ No constitutional principle is violated by a statute which allows private property to be entered upon and temporarily occupied for purposes of survey and other incipient proceedings with a view of judging and determining whether the public needs require the appropriation or not, and if so what the proper location shall be ” (Cooley’s Constitutional Limitations [7th ed.], p. 813, quoted with approval in Litchfield v. Bond, 186 N. Y. 66, 78). A statute authorizing entry, even without compensation, by public authorities upon private lands is constitutional ‘1 to the extent that the entry or occupation is temporary, or the infliction of damage is incidental and incipient or preliminary.” (Litchfield v. Bond, supra, p. 78). Here, the proposed entry will be temporary and the infliction of damage if any will be incidental to the determination of whether the proposed site should be acquired or appropriated for public use. It is *301 logical and essential that public authorities possess such rights of entry prior to the purchase of property or the commencement of condemnation proceedings, for before they can negotiate or appropriate they must first know that site is suitable for their public purposes.
The tenant upon the Young property is not a necessary party to this action. The corporation does not seek to acquire any interest in the land occupied by the tenant or any order affecting the tenant’s rights. It seeks only an order enjoining the threatened acts of the defendants Young which would interfere with its operations. There is no indication that the tenant has threatened to prevent the corporation from making its test borings.
The defendant Bero Construction Corporation, in its answering affidavit, states that while it has refused to grant permission to the corporation to enter its lands, it has never threatened to prevent the corporation or its representatives from entering and taking test borings. It further states that it will take no action in the future to interfere with the corporation’s operations. The plaintiff in an injunction action must show “ the violation of a right presently occurring, or threatened or imminent” (12 Carmody-Wait 2d, New York Practice, § 78:103). Since the corporation has not shown that Bero has taken any steps to prevent the corporation’s entry or has threatened any such acts, the motion for a preliminary injunction against Bero must be denied.
The defendants Young ask that the corporation give an undertaking as required by CPLB 6312 (subd. [b]). The corporation, while expressing its willingness to give an undertaking, states that CPLB 2512 exempts it from any provision of law requiring the filing of an undertaking. CPLB 2512 reads in part, 1 ‘ Any provision of law authorizing or requiring an undertaking to be given by a party shall be construed, as excluding the state, a domestic municipal corporation or a public officer in behalf of the state or of such a corporation ”. The corporation is not the state nor is it a municipal corporation. Section 2 of the General Corporation Law, in classifying corporations, states in part that ‘ ‘ A public corporation shall be either, 1. A municipal corporation, 2. A district corporation, or 3. A public benefit corporation.” Section 3 of that law, in defining the various classifications of corporations, states in subdivision 2, “ A ‘ municipal corporation ’ includes a county, city, town, village and school district ”. Subdivision 4 of that section states that “ ‘ A public benefit corporation ’ is a corporation organized to *302 conduct or operate a public improvement wholly or partly within the state, the profits of which inure to the benefit of this or other states, or to the people thereof. ’ ’ The corporation is not a city, town, village or school district and hence it is not a municipal corporation, but is rather a public benefit corporation. Had the Legislature intended to bring public authorities such as this corporation within the exclusion provided by CPLR 2512, it could easily have done so by adding the term ‘ ‘ public benefit corporation ” to that section. Since the Legislature did not do so, I must conclude that it did not intend to exempt public benefit corporations from any provision of law requiring the filing of an undertaking. The plaintiff corporation must file an undertaking as required by CPLR 6312 (subd. [b]) which is hereby fixed in the amount of $10,000.
The defendants Young request that they be given 24 hours’ notice by the corporation of the time when the corporation will take its borings; that they or their representatives be permitted to be present to observe the taking of the borings; and that they be given a copy of any report of those borings when a report is received by the corporation. The corporation has stated that it would comply with these requests although I find that the corporation is under no legal duty to do so. These requests shall not be embodied as conditions in the order granting a preliminary injunction, but I assume that the corporation intends to comply with them as its attorney indicated on the oral argument of this motion.
Motion granted.