Harold E. Koremah, J.
The defendant moves for dismissal of the complaint in this action for a declaratory judgment and for a permanent injunction, and also moves for dismissal of a motion brought by the plaintiffs for a preliminary injunction pendente lite which is returnable at a Special Term to be held on November 9, 1973. Plaintiffs’ motion for a preliminary injunction is not before this court and, therefore, cannot be considered, except as it may be affected by the conclusion arrived at on the motion for dismissal of the complaint. As to plaintiffs’ opposition to this motion on procedural grounds, defendant was under no compulsion to move as provided by CPLB, 2215, nor is this a matter in which a Judge has decided a prior motion as provided in CPLB 2217 (subd. [a]).
The complaint alleges in substance that plaintiffs are the owners of real property in Greene County; that the defendant has entered upon their lands without their consents or permission and has performed certain activities thereon which have interfered with the quiet enjoyment and use of said lands, and have interrupted and impaired plaintiffs’ possession of their real property. It is further alleged that damage and injury has been caused by the defendant to the lands of the plaintiffs. They seek a judgment declaring the entries by defendant upon plaintiffs ’ lands to be illegaltrespasses, and beyond the powers granted to defendant under the Public Authorities Law, and if found to be authorized by statute, then such statute be declared unconstitutional in that it provides for taking of private property for public use without just compensation therefor. Plaintiffs also seek to enjoin defendant from entering upon and conducting activities on their lands, unless and until defendant obtains rights to enter and conduct such activities by condemnation or otherwise.
*727 Pursuant to section 1005 of the Public Authorities Law, as amended by chapter 489 of the Laws of 1972, the defendant was ‘‘ authorized to construct such base load generating facilities as it deems necessary or desirable to assist in maintaining an adequate and dependable supply of electricity by supplying power and energy for the metropolitan transportation authority, its subsidiary corporations and the New York city transit authority.” By chapter 489 (§ 1) of the Laws of 1972, section 1001 of the Public Authorities Law was amended wherein the Legislature declared further that a shortage of dependable power capacity exists in the southeastern part of the State and that the public interest requires that the Power Authority assist in alleviating such shortage by providing such base load generating facilities as may be necessary or desirable to contribute to the maintenance of an adequate and dependable supply of electricity for the purposes stated in section 1005 of the Public Authorities Law. Following a review of possible sites for location of base' load generating facilities defendant through its Board of Trustees selected the site in Greene County as one of three most promising sites for further intensive surveys and environmental examinations as required by Federal and State .licensing procedures, in order to determine the suitability of any of the three sites. The real property of the plaintiffs is located within the area of the Greene County site, and the defendant’s activities in conducting surveys and environmental examinations thereon have given rise to the instant litigation.
There can be no question that the defendant and its duly authorized agents and employees had the right to enter upon any real property for the purpose of making surveys or examinations of real property as may be necessary or convenient for the purposes of this title. (Public Authorities Law, § 1007, subd. 8.) The specific purposes for entering upon the lands of plaintiffs are clearly authorized by title 1 of article 5 of the Public Authorities Law. In my view therefore, the entry upon plaintiffs’ lands to conduct the activities engaged in by the defendant does not establish any legal basis for complaint on the part of the plaintiffs. Nor does the fact that the statute authorizing entry upon private property makes no provision for holding defendant liable for damage to such property have any effect on the validity of the statute. There can be no question of defendant’s liability for damages caused by its activities, and it has made it clear to the plaintiffs that it is prepared to compensate them for any damage resulting from such activities. *728 Furthermore, if any offer of payment is not acceptable to plaintiffs, suit may be instituted against defendant to recover damages resulting from the entry, survey and examinations. (Public Authorities Law, § 1002.) Entry upon private property for the purpose of making surveys and examinations prior to construction of public works, when such entry is authorized by the Legislature, cannot be considered as a taking of property in the constitutional sense. “‘No constitutional principle is violated by a statute which allows private property to be entered upon and temporarily occupied for purposes of survey and other incipient proceedings with a view of judging and determining whether the public needs require the appropriation or not, and if so what the proper location shall be ’ (Cooley’s Constitutional Limitations [7th ed.], p. 813, quoted with approval in Litchfield v. Bond, 186 N. Y. 66, 78). A statute authorizing entry, even without compensation, by public authorities upon private lands is constitutional 1 to the extent that the entry or occupation is temporary, or the infliction of damage is incidental and incipient or preliminary.’ (Litchfield v. Bond, supra, p. 78).” (New York State Environmental Facilities Corp. v. Young, 66 Misc 2d 299, 300.)
While the factual averments of a complaint must be taken as true on a motion to dismiss the complaint, the court is not bound to accept unsubstantiated legal conclusions drawn by the pleader, or the pleader’s interpretation of the statutes involved. The allegations of the complaint under attack here set forth either legal conclusions without factual support or pertain to the exercise of powers delegated to the defendant by the Legislature which present no justiciable issue and are not reviewable as here pleaded. (City of Albany v. McMorran, 16 A D 2d 1021 [3d Dept.]; Sleepy Hollow Val. Comm. v. McMorran, 27 A D 2d 665; Matter of Brown v. McMorran, 23 A D 2d 661; Kaskel v. Impellitteri, 306 N. Y. 73, 80.)
Accordingly, the complaint is dismissed for failure to state facts sufficient to constitute a cause of action.