ARLENE KING et al., Appellants, *v.* POWER AUTHORITY OF THE STATE OF NEW YORK, Respondent.

Third Department, March 21, 1974.

*Kafin & Needleman* (*Neil E. Needleman* of counsel), for appellants.

*Scott B. Lilly* (*John R. Davison* and *Peter Giuntini* of counsel), for respondent.

STALEY, JR., J. P. This is an appeal from a judgment of the Supreme Court at Special Term, entered in Greene County on November 13, 1973, which (1) dismissed the complaint in an action for a declaratory judgment and permanent injunction; and (2) set forth a declaration of rights in favor of defendant.

Plaintiffs are all owners of real property in the Town of Athens, County of Greene. In the spring of 1973 defendant notified plaintiffs that it intended to enter upon their lands and conduct certain activities including digging, blasting and storage of equipment for the purpose of determining whether such lands would be an appropriate site for a new major electric generating facility. Plaintiffs refused to grant permission to defendant to enter upon their lands with the result that defendant on June 29, 1973, sent plaintiffs written notices stating that " pursuant to Section 1007, Subdivision 8 of the Public Authorities Law of the State of New York * * * various Power Authority employees and agents * * * will be entering your land with equipment for the purpose of making seismological and subsurface examinations of the property ". The notices also stated that plaintiffs would be entitled to compensation for any damage occasioned by the performance of the work.

Thereafter, employees of defendant did enter upon plaintiffs' lands and dug holes, blasted, cut trees and other vegetation. On October 11, 1973 plaintiffs commenced this action seeking a declaratory judgment that defendant's activities constituted an illegal trespass beyond any of its powers granted under the Public Authorities Law; that subdivision 8 of section 1007 of the Public Authorities Law is unconstitutional in that it provides for a taking of private property for public use without compensation; that plaintiffs are entitled, in an appropriate proceeding, to be compensated for the taking and other damages suffered by defendant's activities; and that defendant be enjoined from entry upon plaintiffs' lands unless defendant has lawfully obtained, by condemnation or otherwise, the right to make such entries and conduct such activities.

Defendant entered upon plaintiffs' lands and conducted its surveys and examinations pursuant to subdivision 8 of section 1007 of the Public Authorities Law which provides as follows: " 8. The authority and its duly authorized agents and employees may enter upon any real property for the purpose of making the surveys or maps mentioned in this section, or for such other surveys or examinations of real property as may be necessary or convenient for the purposes of this title."

The Legislature has long recognized the necessity for entry upon private property for the purpose of making surveys and examinations prior to construction of public improvements and has expressly granted this power to the State and agencies thereof. (Highway Law, § 30, subd. 17; Railroad Law, § 8, subd. 1; Transportation Corporations Law, § 43, subd. 3 and § 81, subd. 1; Public Authorities Law, § 354, subd. 13, § 553, subd. 16, § 1265, subd. 11.) The courts have held that such entries and such surveys and examinations are not takings of property in the constitutional sense. (*Matter of Northville Dock Pipe Line Corp.* v. *Fanning,* 21 N Y 2d 616 and 22 N Y 2d 704; *Litchfield* v. *Bond,* 186 N. Y. 66; *Edwards* v. *Law,* 63 App. Div. 451; *New York State Environmental Facilities Corp.* v. *Young,* 66 Misc 2d 299.)

" ' No constitutional principle is violated by a statute which allows private property to be entered upon and temporarily occupied for purposes of survey and other incipient proceedings with a view of judging and determining whether the public needs require the appropriation or not, and if so what the proper location shall be ' (Cooley's Constitutional Limitations [7th ed.], p. 813, quoted with approval in *Litchfield* v. *Bond,* 186 N. Y. 66, 78). A statute authorizing entry, even without compensation, by public authorities upon private lands is constitutional ' to the extent that the entry or occupation is temporary, or the infliction of damage is incidental and incipient or preliminary.' (*Litchfield* v. *Bond, supra,* p. 78.) " (*New York State Environmental Facilities Corp.* v. *Young, supra,* p. 300.)

Plaintiffs further contend that subdivision 8 of section 1007 of the Public Authorities Law is invalid because it does not specifically provide for compensation for damages caused by entry upon their lands and activities undertaken thereon by defendant. Section 1002 of the Public Authorities Law provides, in part, that defendant is " capable of suing and being sued ". The Legislature may not permit damage to private property without compensating the owners of the property. Sections 1007 and 1002 of the Public Authorities Law must be

read together to provide for liability of defendant for damages caused by the activities authorized by subdivision 8 of section 1007 and a remedy to compensate the landowner for such damage. Subdivision 8 of section 1007 is not unconstitutional since a landowner subject to the activities provided therein is guaranteed by the aforesaid statutes the just compensation to which he is entitled. In addition, defendant has clearly assured plaintiffs that it will compensate them for any such damage.

The presence of a constitutional question on the validity or meaning of a statute and the absence of a question of fact permit resort to a declaratory judgment action. It is well established that a complaint in an action for a declaratory judgment should not be dismissed merely because, on the face of the allegations, it would appear that plaintiffs are not entitled to a declaration of rights sought by them, for, in such a case, the court should retain jurisdiction and declare the rights whatever they may be. (*Sweeney* v. *Cannon,* 30 N Y 2d 633; *Lanza* v. *Wagner,* 11 N Y 2d 317; *Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45; *Fhagen* v. *Miller,* 36 A D 2d 926, affd. 29 N Y 2d 348; *Martin* v. *State Liq. Auth.,* 43 Misc 2d 682, affd. on opn. below 15 N Y 2d 707.)

That part of the judgment granting the motion to dismiss the complaint should be eliminated and that part of the judgment declaring the rights of the parties should be affirmed.

The judgment should be modified, on the law, to the extent of striking therefrom that part of the judgment which dismissed the complaint, and, as so modified, affirmed, without costs.

GREENBLOTT, SWEENEY, KANE and MAIN, JJ., concur.

Judgment modified, on the law, to the extent of striking therefrom that part of the judgment which dismissed the complaint, and, as so modified, affirmed, without costs.