OPINION OF THE COURT
Leonard Cohen, J.
This special proceeding was commenced on or about January 2, 1980 by petitioner, Robert Abrams, in his capacity as Attorney-General of the State of New York, against the respondent, Secretary of the Treasury of the United States (respondents G. William Miller and James A. Baker, III have since been replaced by Nicholas Brady). The petition seeks a declaratory judgment that, pursuant to article XII-A of the Abandoned Property Law (added L 1969, ch 581), all Federal tax refunds held by the United States for a period in excess of seven years on behalf of persons and corporations whose whereabouts are unknown and whose last known addresses were in the State of New York should escheat to the State of New York.
By interim order dated July 25, 1988, this court advised the parties that it elected to treat respondent’s motion to dismiss the petition for failure to state a claim under CPLR 3211 (a) (7) as a motion for summary judgment. In view of the fact that this proceeding involves questions of law on the constitutionality or meaning of statutes, declaratory relief is appropriate (King v Power Auth., 44 AD2d 74, affd 38 NY2d 756).
During the Síá-year history of this litigation, a prior motion by respondent to dismiss the petition on the ground of sovereign immunity of the United States was denied by Justice Edward J. Greenfield in a lengthy and scholarly decision dated July 8, 1986 (Matter of Abrams v Miller, 134 Misc 2d 841). An earlier decision, In re Petition of Abrams (US Dist Ct, SD NY, Oct. 21, 1980, index No. 80 Civ 718), by United States District Court Judge Richard M. Owen held that the removal of this action to the Federal court was not warranted because the respondent, Secretary of the Treasury, was a mere stakeholder and was not claiming a right under an act of Congress for the collection of revenue (Matter of Abrams v Miller, 134 Misc 2d, supra, at 845, 849-851). That, too, constitutes the law of the case.
Subsequent to the decision of Justice Greenfield, Congress amended the Internal Revenue Code (Pub L 100-203) in order to thwart this (and other States’) attempt to escheat un *884 claimed Federal income tax refunds.* The Omnibus Budget Reconciliation Act of 1987 (as enacting 26 USC § 6408) provides as follows:
"(a) general rule. — Subchapter A of chapter 65 (relating to procedure in general for abatements, credits, and refunds) is amended by adding at the end thereof the following new section:
" 'SEC. 6408. STATE ESCHEAT LAWS NOT TO APPLY.
" 'No overpayment of any tax imposed by this title shall be refunded (and no interest with respect to any such overpayment shall be paid) if the amount of such refund (or interest) would escheat to a State or would otherwise become the property of a State under any law relating to the disposition of unclaimed or abandoned property. No refund (or payment of interest) shall be made to the estate of any decedent unless it is affirmatively shown that such amount will not escheat to a State or otherwise become the property of a State under such a law.’ * * *
"(c) effective date. — The amendments made by this section shall take effect on the date of the enactment of this Act.”
This law became effective on December 22, 1987.
Petitioner, the Attorney-General of the State of New York, contends that this statute is unconstitutional. The court notes that the petition has not been amended to seek a declaration of the constitutionality of the Omnibus Budget Reconciliation Act of 1987. However, respondent is represented by the United States Attorney, and both parties have chartered their own procedural course through the courts (Stevenson v News Syndicate Co., 302 NY 81, 87) and have briefed and addressed the constitutional issues thoroughly. Moreover, respondent’s answer contains an affirmative defense challenging the constitutionality of article XII-A of the Abandoned Property Law. Therefore, the court will consider the constitutional question raised (see, Four Seasons Hotels v Vinnik, 127 AD2d 310).
Abandoned Property Law article XII-A, which became effective May 21, 1969, provides in pertinent part as follows:
"§ 1213. Purpose and policy
*885 "It is the purpose of this article to extend the declared policy of the state with respect to unclaimed or abandoned property to all such property in the possession, custody or control of the United States of America, its officers, agencies, departments, instrumentalities and corporations. Article twelve of the abandoned property law provides for the escheat of such property paid into or deposited in courts of the United States. This article provides for the escheat of all unclaimed or abandoned property, of whatever kind or nature, in the possession, custody or control of all other federal authorities, bodies or corporations and shall be liberally construed to accomplish such purpose. * * *
"§ 1215. Escheat
"If the rightful owner of any property in the possession, custody or control of the United States either (a) shall have been or shall be unknown for seven consecutive years; or (b) shall have died or shall die without having disposed thereof and without having left or without leaving a will disposing thereof, and without leaving heirs, next-of-kin, or distributees; or (c) shall have abandoned or shall abandon such property, and either:
"(i) the last known address of such rightful owner, as it appears from the records of the United States is in this state, or
"(ii) there is no last known address for such rightful owner and the agency or instrumentality possessing, holding, controlling or owing such property is a corporation domiciled in this state; or
"(iii) there is no last known address for such rightful owner, the agency or instrumentality possessing, holding, controlling or owing such property is not a corporation or is a corporation domiciled in a state other than New York which has no escheat or custodial statute relating to unclaimed or abandoned property and either
"1. the records showing the name of and amount due the rightful owner are in this state; or
"2. such property was paid to, deposited with or otherwise acquired by the United States in this state or as the result of transactions occurring in this state; or
"3. such property is owed or came into being as the result of returns filed or other transactions occurring in this state; or
"4. the court, in its discretion, finds that such property has *886 or had sufficient other contacts with this state; then such property, together with all interest or other increments accrued thereon, shall escheat to the state of New York.
"§ 1216. Presumptions
"If it shall appear from the records of the United States that the rightful owner of property described in section twelve hundred fifteen of this article has not made claim thereto for a period of seven consecutive years, it shall be presumed for purposes of escheat proceedings under this article that such rightful owner is, and during such period has been, unknown or has died without having disposed thereof and without having left a will, and without having left any heirs, next-of-kin or distributees or that such property has been abandoned and that such property has escheated. In any case wherein the rightful owner of such property is a corporation it shall also be presumed for purposes of escheat proceedings under this article that the corporation is dissolved, no longer in existence, and its charter forfeited and the presumptions set forth in the first sentence of this section shall be made with respect to the rightful owners or claimants to the assets of such corporation, including its stockholders and creditors. The presumptions provided for in this section may be rebutted by competent evidence to the contrary.”
In reviewing the historical background of the law governing escheat, Justice Greenfield noted that there is no Federal right of escheat; the sovereign right of escheat, which passed from the king to the States upon the breaking away of the 13 original colonies with the Declaration of Independence does not entitle Federal Government to resorb abandoned property which happens to be in its hands (Matter of Abrams v Miller, 134 Misc 2d, supra, at 848). However, Justice Greenfield also observed that the Federal Government has the power, pursuant to the Supremacy Clause of the Constitution (US Const art VI), to act affirmatively by enacting legislation to defeat State escheat statutes of Federal tax refunds (134 Misc 2d, supra, at 848). Indeed, it appears that the Congress has, in certain instances, promulgated necessary and proper Federal escheat laws which override State escheat laws in connection with specific Federal programs or activities. These include: 5 USC § 8705 (d) (Federal life insurance benefits); 10 USC § 2575 (a); §§ 4712, 4713, 6522, 9712, 9713 (personal property of deceased persons within military jurisdiction); 25 USC § 373b (escheat of Indian lands); 38 USC § 716 (e); § 717 (d); §§ 3202, 5220 (escheat of veterans’ benefits and veterans’ property); 40 USC *887 § 484 (m) (escheat of abandoned or unclaimed property on premises owned or leased by the Federal Government); 48 USC §§ 1503-1506 (escheat of alien lands within United States territories).
Petitioner asserts that 26 USC § 6408 is unconstitutional as it is not a necessary and proper exercise of the Federal Government’s taxing power (see, US Const, art I, § 8). This argument is without merit. The words necessary and proper in the United States Constitution (US Const, art I, § 8) "are not limited to such measures as are absolutely and indispensably necessary, without which the powers granted [to the Congress in US Constitution article I] must fail of execution; but they include all the appropriate means which are conducive or adapted to the end to be accomplished, and which in the judgment of Congress will most advantageously effect it.” (Legal Tender Case, 110 US 421, 440 [1884] [emphasis added].)
Congress has been allowed broad latitude in fashioning the means to collect taxes, including imposition of criminal sanctions for violation of the Internal Revenue Code (United States v Tedder, 787 F2d 540, 542 [10th Cir 1986]); and to assess penalties for an individual’s failure to pay the full amount of income tax due (Carey v United States, 601 F Supp 150, 155 [ED Va 1985]). It has been held that the Federal Government has the right to determine for itself the conditions upon which it consents to refund a Federal tax (Tennessee Consol. Coal Co. v Commissioner of Internal Revenue, 117 F2d 452, 453 [6th Cir 1941]).
Although the issue as to whether Congress may defeat State escheat laws such as the one at bar has not heretofore been adjudicated, this court will not substitute its judgment for that of the Congress in determining whether the law is a necessary and proper exercise of its undisputed powers to enforce the Internal Revenue Code and how to administer undeliverable refunds. Petitioner’s Tenth Amendment arguments are also without merit, since that provision does not authorize "courts to second-guess the substantive basis for congressional legislation” (South Carolina v Baker, 485 US 505, —, 108 S Ct 1355, 1361 [1988]).
Therefore, the court declares the Omnibus Budget Reconciliation Act of 1987 (26 USC § 6408) to be a constitutional, valid exercise of Congress’ power. In view of the Supremacy Clause of the US Constitution, article XII-A of the Abandoned Property Law, being irreconcilably at odds and inconsistent with *888 the Federal statute, must yield. Therefore, the court declares article XII-A of the Abandoned Property Law unconstitutional and unenforceable to the extent that it seeks to escheat unclaimed Federal tax refunds that are the subject of the Omnibus Budget Reconciliation Act of 1987 (26 USC § 6408). However, the above-mentioned determination does not end this litigation. Although 26 USC § 6408 is valid and constitutional, it may only be applied prospectively from its effective date. It cannot operate retroactively to cut off any matured substantive rights (Bradley v Richmond School Bd., 416 US 696, 720 [1974]; United States v Security Indus. Bank, 459 US 70, 78-82 [1982]). The question thus becomes whether any of petitioner’s substantive rights under article XII-A of the Abandoned Property Law had matured prior to the effective date of 26 USC § 6408.
Abandoned Property Law § 1221 requires that the court conduct a hearing and take testimony in order to determine the facts alleged in the escheat petition, and thereafter make and enter findings and a final order. This proceeding, notwithstanding its pendency for eight years, never progressed to the point of a hearing; no findings and order were ever made. Therefore, in this regard, petitioner’s rights, if any, never matured beyond being inchoate. Under the circumstances, the enactment of 26 USC § 6408 may validly be applied to cut off whatever inchoate rights petitioner may have had under that section.
However, Abandoned Property Law § 1223 provides the following alternative to escheat: "If it appears from the records of the United States that the rightful owner of any property subject to escheat under this article has not made claim thereto for seven years and the attorney general does not deem it advisable to institute an escheat proceeding with respect thereto, or has instituted such a proceeding but has not obtained a judgment of escheat therein, such unclaimed property may be deemed abandoned property and shall be paid or delivered to the state comptroller for disposition in accordance with the provisions of this chapter and the provisions of section ninety-five of the state finance law.”
This provision applies to the precise situation at bar and governs the disposition of the funds which are the subject of this proceeding.
Therefore, the court declares that any tax refunds held by respondent, which would otherwise be subject to escheat un *889 der article XII-A of the Abandoned Property Law to which the rightful owner has not made claim for seven years prior to the effective date of 26 USC § 6408 (i.e., Dec. 22, 1987), shall be paid or delivered to the State Comptroller for disposition in accordance with the provisions of State Finance Law § 95. In all other respects, the application of petitioner is denied and the petition is dismissed.
Respondent asserts that, in order to determine the names and addresses of payees on outstanding checks, it would be necessary to manually compare "approximately 10 million outstanding check records with symbol and check number with nearly 13 billion individual check issue records” relating to all Treasury-issued checks from 1955-1982. Moreover, if the manual search and comparison were done, it could only compile information about checks that were issued no more than six years and nine months ago because of the Treasury’s record retention system, which is limited to the statutory limitation on claims against the United States Government (31 USC § 3702).
Nonetheless, petitioner has asserted his willingness to undertake this documentary task of questionable financial return using his own staff, at his sole expense, to examine respondent’s records. This would relieve respondent of the huge administrative burden
Accordingly, petitioner is directed to file an election to exercise this right to examine respondent’s records and a consent to do so at petitioner’s sole expense using its own staff, within 60 days after service of a copy of the judgment to be settled with notice of entry. Respondent is directed to cooperate with petitioner and to grant access freely to all appropriate records — in whatever form they may be — during normal business hours.
Counsel for both parties are to be commended for the thoroughness and professionalism of their papers and briefs. Neither party shall recover costs.

 Indeed, the legislative history expressly makes clear that the purpose of the law was to prevent States from suing the Federal Government on the ground that unclaimed Federal tax refunds escheat to the States; and that if the States win these cases, the Federal Government would be required to pay the amounts out of the general fund of the Treasury to the States (1987 US Code Cong & Admin News, at 2313-1752).