*234 OPINION OF THE COURT
Leonard N. Cohen, J.
Respondent moves for an order, pursuant to CPLR 2221, granting leave to renew and reargue the decision of this court dated November 23, 1988 (141 Mise 2d 882), as modified by this court’s order dated December 21, 1988. This court grants leave to renew and reargue but, upon renewal and reargument, this court adheres to its original decision.
To the extent that movant seeks renewal, he has failed to show the existence of any additional material facts which existed at the time' the prior motion was made, but were not then known to him (Foley v Roche, 68 AD2d 558, 568 [1st Dept 1979]).
To the extent that movant seeks leave to reargue, such leave is granted. However, the court finds that movant has failed to demonstrate that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law (Foley v Roche, supra, at 567).
Respondent first claims that the New York State Abandoned Property Law § 1223 does not authorize the court or any New York State official to make the determination of abandonment. Rather, respondent contends that section 1223 grants the Federal holder of unclaimed property complete discretion in deeming property abandoned. This court finds that neither the plain language of section 1223 nor its legislative history supports respondent’s conclusion.
Abandoned Property Law § 1223 explicitly provides for the payment or delivery of abandoned property to the State Comptroller even in the absence of a judgment of escheat, thereby creating substantive rights in the State of New York which matured prior to the effective date of 26 USC § 6408. It appears from the State legislative history that Abandoned Property Law § 1223 clearly preserved the State’s claim to abandoned property as an alternative to escheat court proceedings. (Mem of Attorney-General for Governor, Apr. 15, 1969; Comptroller’s Report to Governor, Apr. 3, 1969; Budget Report on Bills, Apr. 9, 1969, wherein it was stated: "[i]f the Attorney General does not deem it advisable to institute escheat proceedings, the property may be declared abandoned property and disposed of by the Comptroller, the proceeds of such disposal to be deposited in the State’s Abandoned Property Fund.” [Bill Jacket, L 1969, ch 581.])
Respondent also argues that the branch of this court’s *235 decision of November 23, 1988 directing respondent to grant access freely to petitioner of all appropriate tax return records is violative of the Federal confidentiality and penal provisions of 26 USC §§6103 and 7213 (a) (1). Therefore, respondent contends that this court overlooked applicable law. Respondent’s argument lacks merit.
Under 26 USC § 6103 (d), such disclosure is authorized to "any State agency, body, or commission, or its legal representative, which is charged * * * with responsibility for the administration of State tax laws for the purpose of, and only to the extent necessary in, the administration of such laws, including any procedures with respect to locating any person who may be entitled to a refund.” Enforcement of New York State’s Abandoned Property Law with respect to Federal tax refunds clearly comes within the requirement that any such disclosure be for tax administration purposes as defined under Federal law. Tax administration is defined as "(i) the administration, management, conduct, direction, and supervision of the execution and application of the internal revenue laws or related statutes (or equivalent laws and statutes of a State)” (26 USC § 6103 [b] [4] [A] [i]; emphases added). The New York collection of abandoned tax refunds under the New York Abandoned Property Law constitutes such a related statute.
Respondent’s further argument that the Attorney-General of the State of New York lacks standing to bring this proceeding or to review confidential tax returns because only the State Tax Commission has the authority to administer State tax law is patently without merit. Executive Law §63 (1) expressly provides that the Attorney-General "shall [p]rose-cute and defend all actions and proceedings in which the state is interested, and have charge and control of all the legal business of the departments and bureaus of the state”. An analogous argument concerning the representation of the Board of Education by the Corporation Counsel was recently rejected by the Appellate Division, First Department, in a different context (Rubino v City of New York, 145 AD2d 285 [1st Dept 1989]). Moreover, under 26 USC § 6103 (d), the Federal tax returns are disclosable not only to State agencies or commissions but to its legal representatives to the extent necessary in the administration of State tax laws. The Attorney-General of this State is the legal representative for the State and all of its agencies.
*236 Based on the foregoing, this court adheres to its original decision. The parties are directed to settle a judgment, as previously directed by the court, in conformity with this court’s decision dated November 23, 1988, as modified by its decision dated December 21, 1988.