■ In the Matter of ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent-Appellant, and HARRY B. FRANK, Respondent, v NICHOLAS F. BRADY, as Secretary of the Treasury, Appellant-Respondent.—Order and judgment (one paper), Supreme Court, New York County (Leonard Cohen, J.), entered July 7, 1989, which denied, in part, respondent-appellant-cross-respondent Brady's motion, pursuant to CPLR 3211, seeking to dismiss, in its entirety, a petition brought by petitioner-respondent-cross-appellant Abrams,

seeking to escheat certain abandoned tax refunds held for over seven years by respondent-appellant-cross-respondent Brady, and his predecessors, as Secretary of the Treasury, unanimously modified, on the law, to the extent of dismissing the petition in its entirety, and otherwise affirmed, without costs.

The underlying facts and legal history surrounding the case at bar have been thoroughly detailed on three separate occasions, in comprehensive and scholarly opinions by Justice Edward J. Greenfield (134 Misc 2d 841 [Sup Ct, NY County 1986 *(Abrams I)]*), and Justice Leonard Cohen (141 Misc 2d 882 [Sup Ct, NY County 1988 *(Abrams II)];* 143 Misc 2d 233 [Sup Ct, NY County 1989 *(Abrams III)]*).

At issue herein is whether a section of the Internal Revenue Code, 26 USC § 6408, enacted subsequent to *Abrams I (supra),* and which expressly removes from the scope of the State escheat and Abandoned Property Law unclaimed tax refunds and interest payable thereupon, is constitutional; assuming constitutionality, the related question of whether the statute should be applied retroactively or prospectively is also raised.

We first conclude, for the reasons stated by Justice Cohen in *Abrams II (supra,* at 886-888) that 26 USC § 6408 falls within the ambit of the Necessary and Proper Clause regarding the Federal Government's taxing power, and is, therefore constitutional. Accordingly, New York Abandoned Property Law article XII-A was correctly held by the IAS court to be unconstitutional and unenforceable in view of the Supremacy Clause of the US Constitution, to the extent that it seeks to escheat unclaimed Federal tax refunds that are the subject of 26 USC § 6408. *(Supra.)*

However, in considering whether 26 USC § 6408 should be applied retroactively or prospectively from the effective date of the enactment, i.e., December 22, 1987, we depart from the rationale employed by the IAS court, and hold the statute to be retroactively applicable. The general rule regarding retroactivity, which requires a court to recognize and apply the substantive law in effect at the time it renders its decision *(United States v Schooner Peggy,* 1 Cranch [5 US] 103 [1801]), is subject to an exception which provides for the nonretroactive, i.e., prospective, application of law under certain specifically enumerated circumstances. *(Bradley v Richmond School Bd.,* 416 US 696 [1974]; *Chevron Oil Co. v Huson,* 404 US 97 [1971].)

In *Chevron Oil (supra,* at 106), the Supreme Court held that

three separate factors should be considered in determining the "nonretroactivity question". These are: (1) the decision to be applied nonretroactively must establish a new principle of law; (2) a balancing of the interests to resolve whether retroactive application of the law would retard the operation of the rule; and (3) whether the law would " 'produce substantial inequitable results if applied retroactively' ". (*Supra,* at 107.) In the *Bradley* case (*supra,* at 717), the Supreme Court stated that, in considering whether retroactive application of the law would result in a manifest injustice being visited upon a party, thus requiring prospective application, a court should focus upon "(a) the nature and identity of the parties, (b) the nature of their rights, and (c) the nature of the impact of the change in law upon those rights."

By following the letter of the law and applying the step-by-step analysis set forth in *Chevron Oil (supra)* and *Bradley (supra),* we come to the conclusion that 26 USC § 6408 should, in fact, be applied retroactively. In view of this modification, we note that there is no need for petitioner to have determined the names and addresses of the payees on the outstanding checks; thus, the issue of respondent providing petitioner with access to relevant records is academic. Concur—Kupferman, J. P., Sullivan, Carro and Smith, JJ.